JOHNNIE PHARISS V. THE STATE.

No. 22032. Delivered April 1, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*Aubrey Davee*, of Brady, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the local option liquor laws, and by the jury fined $100.00, hence this appeal.

The State's Attorney before this court has briefed this cause in a manner that we think disposes of all matters raised herein, and we adopt such brief as our opinion, as follows:

"There are a number of bills of exception, but they all relate to the same subject. In this case the contention is made that there was no information on file at the time of the trial, which occurred on the 23rd of September, 1941, because there was no file mark. The first bill of exception in this case complains of the action of the trial court in not sustaining the motion to quash the information because it was not shown to have been filed with the clerk of the county court. The second bill of exception complains of the admission of testimony by the county clerk showing the manner in which the information was presented to her, the ground of the objection being that the instruments would be the best evidence. The third bill of exception

complains of the action of the trial court in entering an order nunc pro tunc on the 29th of September, 1941, directing the clerk to place her file mark upon the information.

"It will be seen from the testimony given, as contained in bill of exception No. 2, that the county clerk testified that on September 13, 1941, the county attorney handed her the complaint and information, the information being pinned on the inside of the complaint. Her file mark was placed on the complaint but not the information. However, both were actually filed by her at the time they were handed to her by the county attorney. This has been held to be a sufficient filing. *Article 29, Code of Criminal Procedure; Stalcup v. State, 269 S. W. 1044.*

"By bill of exception 2, complaint is made that the county clerk should not have been allowed to testify concerning the manner in which the papers were handed to her and what she did, for the reason that the records and the papers were the best evidence. It will be noted that there was no testimony by the county clerk as to what the contents of the instruments were, but only there was testimony concerning acts which the instruments would not reflect; therefore, the testimony was admissible.

"By bill of exception 4, complaint is made of the action of the trial court in entering an order directing the clerk to place her file mark on the information nunc pro tunc. This procedure has been approved by this court. *Milstead v. State, 182 S. W. 305; Graham v. State, 136 S. W. (2d) 830.*"

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

There may have been some irregularity in the order of the trial judge directing the clerk to place her file mark on the information after the trial, but the record reveals that the information and complaint were pinned together and the file mark placed upon one of them when delivered to the clerk before the trial. See Stinson v. State, 5 Tex. Cr. App. 31; Schott v. State, 7 Tex. Cr. App. 616. These cases settle the question presented by appellant in his motion for rehearing regardless of the order for filing made after the trial.

The motion for rehearing is overruled.