## C. B. DAVIS v. THE STATE.

No. 23695. Delivered June 18, 1947.

*Martin & Martin,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

The offense is unlawfully carrying a pistol. The punishment assessed is a fine of $100.00.

It appears from the record that the assistant county attorney of Wichita County prepared a complaint and information in this case, but failed to file the same until after appellant had entered a plea of guilty to the court who assessed a fine of $100. The next day appellant filed a motion for a new trial in which he alleged that the complaint and information had not been filed at the time he entered the plea and therefore the court was not authorized to impose any punishment, etc. The court, upon the hearing of the motion for a new trial, heard evidence in support thereof. There is no contradiction of the material facts proven in support of the allegation. There is no question that the complaint and information were prepared by the assistant county attorney and carried into the court room where the court inspected the same, but they were not filed by the county clerk nor were the same handed to him for filing until the following day. The court overruled the motion to which appellant objected and gave notice of appeal to this Court.

We are of the opinion that the trial court had not acquired jurisdiction of the case until the complaint, which is the basis for an information, had been filed. In support of the opinion here expressed, we refer to the case of Ethridge v. State, 172 S. W. 784, in which Judge Davidson in delivering the opinion made the following observation: "The Legislature is vested with authority, doubtless, to prescribe that the case may be tried, in misdemeanors, in the county court without filing an information under the language of Articles 5, 6, and 17 of the Constitution, or it may require that the information be filed. This has not only not been done, but the opposite is required. The Legislature has provided that the information shall be filed, based upon a complaint or affidavit. This would settle the question beyond dispute."

Construing the Constitution and the Statutes, the courts have invariably held that the country court cannot acquire jurisdiction or try a misdemeanor where it originated in the county court, (as in the instant case) until an information has been filed citing a number of cases. The case of Ethridge v. State, supra, has been followed in the case of Johnson v. State, 54 S. W. (2d) 122, Day v. State, 74 S. W. (2d) 699, and other cases not necessary to mention here. It may be contended that the filing of the information may be waived, but if it is jurisdictional, it cannot be waived. See Deon v. State, 3 Tex. App. 435, Garza v. State, 11 Tex. App. 410, Leal v. State, 51 Tex. Cr. R. 425. Article 5, Section 17 of our Constitution which among other things provides as follows:

"Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law."

Article 185, C. C. P. provides as follows:

"An information is considered as 'presented' when it has been filed by the proper officer in the proper court."

It seems that these provisions of the Constitution and the Statutes were overlooked by the Court.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.