James Robert FLOWERS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–316–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1985.

Anderson & Rodriguez, and Hank Anderson, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., and D. Scott Reddell, Asst. Dist. Atty., Wichita Falls, for State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for burglary of a habitation wherein appellant's sole point of error concerns the proper time sequence of the filing of a waiver of indictment and an information.

We affirm the conviction.

On June 7, 1984, appellant appeared in the 78th District Court of Wichita County for disposition of: the instant cause; a pending complaint (in the peace justice court) of burglary of a building; and a pending complaint (also in the peace justice court) of burglary of a vehicle. Upon a plea of guilty appellant was assessed a punishment of eight years in the penitentiary and a three hundred fifty dollar fine for burglary of a habitation. Appellant's plea in bar was allowed as to the other two offenses. The trial court placed appellant on probation as to the eight years confinement.

On October 24, 1984, the trial court revoked probation on showing of the commission of a subsequent offense, to wit, robbery. Appellant attacked the original conviction on jurisdictional grounds by showing that the information filed by the prosecutor had been file marked by the District Clerk some thirty minutes prior to the time file marked on the waiver of indictment. No such objection was levelled at the time of the plea of guilty on June 7, 1984.

The Wichita County District Clerk uses a file stamp which imprints the date and has a blank space underlined for the time to be written in by hand. The record in this cause contains the following documents on which there is such an imprint with the time 10:55 A.M. inserted by hand in each of the documents:

1. Waiver of Indictment
2. Arraignment of the Defendant
3. State's Consent to Consider Unadjudicated Offenses
4. Waiver of Pre-Sentence Investigation
5. Application for Probation
6. Waiver of Jury
7. Judgment of Guilt
8. Judgment of Probation

The information has 10:25 A.M. written in the blank space. The order to pay attorney has 1:00 P.M. written in its file mark. (Both are dated June 7, 1984). It is also noted that the order revoking probation and the sentence are both internally dated October 24, 1984, but *each* is file marked at 11:50 A.M., October 29, 1984.

The waiver of indictment, the arraignment, the waiver of jury, the judgment of guilt and the judgment of probation each internally refer to the information. There is no question raised about appellant and his counsel being misled as to the filing of an information and that all proceedings were based thereon.

Appellant simply claims that the filing of the information prior to the filing of the waiver of indictment did not give the trial court any jurisdiction. *See King v. State,* 473 S.W.2d 43 (Tex.Crim.App.1971). Appellant then claims that the subsequent filing of the waiver did not breathe validity into the information. With this last assertion we cannot agree.

TEX.CODE CRIM.PROC.ANN. art. 1.141 (Vernon 1977) states:

A person represented by legal counsel may in open court *or* by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information.

The record reflects and appellant admits that he did voluntarily waive indictment in writing upon advice of counsel who was present and that he agreed to be charged

by information, all of this being in open court. Contemporaneously therewith (according to the time of the file marks) appellant went entirely through all steps of a plea of guilty in less than one full minute. The only logical deduction from this is that the clerk was handed the information by the prosecutor at the beginning of the proceedings and given the remainder at the conclusion.

Appellant was told he had a right to have a grand jury determine whether he should be tried. He waived that right. He agreed to proceed on the legal document prepared by the prosecutor and presented to the court as a basis for a criminal charge. He accepted remission from trial or punishment on two other offenses which he admitted committing. He accepted the opportunity to redeem himself from his wayward conduct while moving about the free world in lieu of incarceration. Now he has proven himself unworthy of the trust placed in him by society. He claims egregious harm because one properly printed page has been misplaced in the bound book.

The only bar to proceeding by information in a felony case arises in TEX. CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977) (Rights of accused) which says, *inter alia*, "No person shall be held to answer for a felony unless on indictment of a grand jury." This statutory provision in turn arises from similar language in Art. I sec. 10 of the Texas Constitution. Appellant has properly waived this right. There being no prior case authority to guide us and appellant having pointed to no statutory or constitutional provision governing our action, we hold that an information filed prior to the waiver of indictment becomes a proper charging instrument upon the execution of such waiver (and the concomitant removal of the bar to the use of an information) to the same extent that a subsequently filed information would serve. By this holding we do not purport to lessen the obligation of the prosecutor to make full disclosure to a defendant and his council of the contents of the information, nor do we necessarily approve of pre-filing as being the best order in which to proceed. We simply say that, absent a showing of harm, the subsequent filing of a waiver of indictment validates an information theretofore filed in the proceeding. Since it is not before us, we do not intend by this holding to indicate that it is not necessary to accomplish both the execution of the waiver and the filing of the information prior to the acceptance of a plea by the court.

The judgment of the court below is affirmed.