**Mark David QUEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–84–179–CR.

Court of Appeals of Texas, Austin.

Dec. 4, 1985.

J.W. Howeth, Austin, for appellant.

Ken Oden, County Atty., Joseph C. Parker, Asst. County Atty., Austin, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

PER CURIAM.

After appellant entered a plea of *nolo contendere* pursuant to a plea bargain agreement, Tex.Code Cr.P.Ann. art. 44.02 (1979), the trial court found him guilty of driving while intoxicated and assessed punishment at incarceration for 60 days and a $500 fine. Tex.Rev.Civ.Stat.Ann. art. 6701 *1*–1 (1977), as amended by 1979 Tex.Gen.

---

Laws ch. 682, § 3 at 1609. Imposition of sentence was suspended, and appellant was placed on probation for 24 months. In three grounds of error, appellant contends the trial court erred in refusing to grant his motions to quash or set aside the information.

■ In his first ground of error, appellant complains that the information should have been quashed because it failed to sufficiently describe the vehicle he was operating when arrested. The information states that appellant was operating a "motor vehicle." Appellant cites Tex.Code Cr.P.Ann. art. 21.09 (Supp.1985), which provides, in pertinent part, "If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. *See also* Tex.Code Cr.P.Ann. art. 21.23 (1966).

In *McElroy v. State*, 154 Tex.Cr.R. 20, 224 S.W.2d 715 (1949), the court noted that in a prosecution for driving while intoxicated, the information need not describe the automobile by model year, make, and license number. Rather, only if the information does, in fact, allege such a description of the automobile must the State then prove the allegation. *Id.; Ewing v. State*, 163 Tex.Cr.R. 517, 294 S.W.2d 107 (1956).

If appellant's proposition were accepted, the State would have to allege a description of vehicles involved in traffic violations even though such allegations are normally unnecessary to be proven in such cases. *See Small v. State*, 631 S.W.2d 201 (Tex. App.1982, no pet.), wherein the court held that the State did not have to allege and prove that the accused was driving a motorcycle, and not a conventional automobile, while intoxicated. Thus, appellant's first ground of error is overruled.

Appellant's second ground of error is that the trial court erred in refusing to quash the information for want of proper presentment. With respect to this contention, the parties stipulated the following facts:

(1) That the information filed in this cause was completed in its entirety by the Office of the County Attorney of Travis County, Texas, except for a blank used to indicate in which County Court at Law of Travis County, Texas, the instant case was filed.

(2) That the information filed herein along with its corresponding complaint was delivered to the Office of the County Clerk for Travis County, Texas, with said blank intact.

(3) That the County Clerk, or an authorized deputy thereof, assigned the instant case to the County Court at Law No. Three of Travis County, Texas, and filled in the blank to indicate that the case was filed in that court.

(4) That the information was signed by the State prior to its delivery to the County Clerk.

Texas Code Cr.P.Ann. art. 21.21(2) and (3) (1966) require that for an information to be sufficient, it must be properly presented. Texas Code Cr.P.Ann. art. 12.07 (1977) states:

An information is considered as 'presented' when it has been filed by the proper officer in the proper court.

Appellant claims the information was not properly presented because, when the prosecuting attorney delivered the information to the county clerk, the space to indicate in which county court at law the case would be filed was left blank (i.e., the information stated it was to be filed in "the County Court at Law No. ____, Travis County"). Because the prosecuting attorney did not file the information in the specified numbered county court at law wherein the case was to be heard, appellant concludes that the proper officer did not file the case in the proper court as required for presentment under art. 12.07, *supra*, or an improper officer presented the information to a proper court.

It has long been the rule that presentment of an information may be accom-

**316**

plished by the prosecuting attorney delivering the information to the clerk's office. *Phariss v. State,* 144 Tex.Cr.R. 234, 161 S.W.2d 1066 (1942); 22 Tex.Jur.3d Criminal Law § 23.40, at 593 (1982). It has also long been the rule that when there is more than one district court in the county, an indictment need not show on its face in which district court it was presented. *Sargent v. State,* 35 Tex.Cr.R. 325, 33 S.W. 364 (1895); *Gersbach v. State,* 648 S.W.2d 423 (Tex.App.1983, no pet.). The rules applicable to indictments are also applicable to informations. Art. 21.23, *supra.*

■ Therefore, when the information in the present cause was delivered by the county attorney to the county clerk's office, it was properly presented. The fact that the information did not specify in which numbered county court at law the case was to be heard did not affect the validity of the presentment.

Appellant relies heavily on the case of *Hullum v. State,* 415 S.W.2d 192, 198 (Tex. Cr.App.1967) (opinion on appellant's second motion for rehearing). *Hullum* may be distinguished from the present appeal, however, because in that case the district clerk attempted to alter a district court's order. Nothing of the sort occurred in the instant cause. The second ground of error is overruled.

In his third ground of error, appellant asserts that the trial court erroneously overruled his motion to set aside the information pursuant to the Speedy Trial Act. Tex.Code Cr.P.Ann. art. 32A.02, § 1(2) (Supp.1985). Appellant argues that the State could not have been ready for trial within the statutory 90 days because the information had not been properly presented. *See* and *compare Buford v. State,* 657 S.W.2d 107 (Tex.Cr.App.1983) *with Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983). Having found that the information was properly presented, we overrule this contention.

The judgment of conviction is affirmed.