**Kevin Gerrod ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-85-576-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 25, 1986.

Mary Moore, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Charles A. Noll, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a conviction of burglary of a habitation. Appellant pled guilty and in accordance with plea negotiations adjudication of guilt was deferred and he was placed on probation. Over two years later a motion to adjudicate guilt was filed. The appellant plead "not true," but following a hearing he was adjudged guilty and sentenced to twelve years confinement. The controlling issue is whether appellant has been denied a statement of facts for appeal. We affirm the judgment of the trial court.

The state contests our jurisdiction to entertain this appeal. Citing *Galitz v. State*, 617 S.W.2d 949 (Tex.Crim.App.1981) and art. 44.02, Tex.Code Crim.Proc.Ann. (Vernon Supp.1986), the state argues that since the appellant neither appealed from adverse rulings on pre-trial motions nor received permission from the trial court to appeal, this court does not have jurisdiction. We disagree.

This case is not an appeal from a negotiated plea proceeding within the provisions of art. 44.02 Tex.Code Crim.Pro.Ann. (Vernon Supp.1986), but is an appeal following an adjudication of guilt within the provisions of art. 42.12, § 3d(b), Tex.Code Crim. Proc.Ann. (Vernon Supp.1986).

Recently, in *Ex parte Hernandez*, 705 S.W.2d 700 (Tex.Crim.App.1986) the court

of criminal appeals attempted to untangle part of the web governing appeals following an adjudication of guilt under art. 42.-12, § 3d(b), Tex.Code Crim.Proc.Ann. (Vernon Supp.1986). There the court stated:

a defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing merely because he initially bargained for deferred adjudication and was admonished according to Article 26.13(a)(3). There may still be hurdles in the way, such as *a second plea bargain* after adjudication of guilt with respect to punishment to be assessed, ... but we need not decide whether applicant in this cause has cleared them.

■ We construe this language to mean that when a defendant enters a plea bargain agreement that defers adjudication of guilt, he is not *automatically* precluded from later appealing. Whether the defendant is entitled to appeal is determined by the facts when guilt is finally adjudicated. Where, as here, there was no second plea bargain agreement at the time guilt was adjudicated, the defendant is entitled to appeal. The scope of the appeal is a question we need not decide.

Alternatively, the state argues that appellant has waived his right of appeal. In making its argument, the state relies upon this court's opinion in *David v. State,* 681 S.W.2d 147 (Tex.App.—Houston [14th District] 1984), *aff'd on other grounds,* 704 S.W.2d 766 (Tex.Crim.App.1985). Although the court of criminal appeals disavowed our holding that the appellant there had waived his right of appeal by failing to move for adjudication, the state makes a strong argument based upon considerations of public policy and statutory harmonization that the right of appeal was waived.

While we agree that the statutory provisions governing appeals in cases where adjudication of guilt is deferred need clarification, the court of criminal appeals made it clear in *David* and *Hernandez* that there is a right of appeal following adjudication of guilt. The state's argument, therefore, must be addressed to that court and the

legislature. We overrule the state's challenge to our jurisdiction.

In his first point of error appellant contends the "conviction should be reversed because there is no statement of facts for appeal." To properly address appellant's contention it is necessary to chronicle the historical facts of this case:

| | |
|---|---|
| May 13, 1983 | — negotiated plea of guilty and adjudication of guilt deferred pending completion of probation. |
| June 25, 1985 | — motion to adjudicate guilt filed. |
| July 16, 1985 | — guilt adjudicated. |
| | — notice of appeal filed. |
| | — trial court ordered court reporter to prepare statement of facts. |
| July 26, 1985 | — designation of record for appeal filed, requesting, among other matters: "complete transcription of all hearings in this case, including the original plea proceeding, the revocation hearing, and any other hearings or court proceedings which may have been held in the presence of a court reporter." |
| September 16, 1985 | — letter sent by clerk to judge, prosecutor and appellant's attorney that <u>time to file statement of facts expired on Sept. 13.</u> |
| | — letter from clerk to appellant's attorney notifying of completion of record. |
| September 24, 1985 | — state's objection to record filed because there was no statement of facts. |
| September 27, 1985 | — trial court <u>ordered</u> appellant's attorney to seek extension of time to file statement of facts |
| October 8, 1985 | — appellant's attorney files motion to extend time to file statement of facts. |
| October 17, 1985 | — 14th Court of Appeals granted extension to October 31. |
| November 12, 1985 | — appellant's attorney files second motion to extend time to file statement of facts. |
| November 21, 1985 | — 14th Court of Appeals granted extension to November 30. |
| December 11, 1985 | — clerk notified appellant's attorney <u>time for filing statement of facts expired on November 30.</u> |
| December 31, 1985 | — appellant's attorney filed motion for production of statement of facts. |
| January 24, 1986 | — hearing on appellant's motion for production of statement of facts. |
| February 6, 1986 | — appellant's attorney notified of completion of record. |
| February 25, 1986 | — trial court approved appellate record. Such approval order recited that <u>after having been notified, appellant filed no objection to the record.</u> |

**607**

February 26, 1986 — appellant's attorney notified of court's approval of appellate record. (Chronicle emphasis added)

The right to a record for appeal purposes is not absolute. Article 40.09, § 4 requires "either party" to make a request that the court reporter record the proceedings. Absent such a request having been made, appellant cannot complain on appeal that a record is unavailable. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim.App.1974). Where, as here, a record was made by the court reporter but the transcription has not been filed, the burden is on appellant to establish that he has been deprived of his statement of facts. To be entitled to reversal of judgment where the statement of facts is not filed, the appellant must show: (1) due diligence in requesting the statement of facts, *and* (2) that the failure to file the statement of facts is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *Timmons v. State*, 586 S.W.2d 509 (Tex.Crim. App.1979).

In this instance, the record reflects a total lack of diligence. First, appellant has never filed an objection to the absence of the statement of facts despite being notified of the omission. In fact, the state was the only party to object after receiving the initial notice of the omission. Second, the trial court had to order appellant's attorney to seek an extension of time to file the statement of facts. Although this court granted appellant two extensions of time to file the statement of facts, neither request was filed before the time to file the statement of facts had expired. Third, appellant waited thirty-one days after the statement of facts was due to file a motion for production of statement of facts. Even though the court granted appellant's request for a hearing on that motion, the *only* evidence developed at the hearing was that the court reporter recorded the proceedings, but was now unable to find her notes. Unlike *Timmons*, where the record clearly revealed that appellant made *repeated* efforts to obtain the statement of facts, the record in this case is void of evidence that appellant made any effort to obtain the statement of facts in time for inclusion in the record as required by art. 40.09, § 5, Tex.Code Crim.Proc.Ann. (Vernon Supp.1986). Further, appellant failed to show that had due diligence been exercised, he still would have been unable to secure the statement of facts. Based upon the record before this court, which is absent any evidence excusing appellant's lack of diligence, we hold that appellant has not been deprived of a statement of facts. Appellant's first point of error is overruled.

In his second point of error appellant contends the conviction should be reversed because he "was not properly admonished on his plea of guilty." Although the point is so worded, the argument in support thereof conditions the assertion by stating "[w]ithout the notes of the plea and no transcription thereof, there is no showing that Appellant was properly admonished." Without the statement of facts properly before us, nothing is presented for review. *Aguirre v. State*, 680 S.W.2d 567 (Tex.App. —Corpus Christi 1984). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.