IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-535-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





ROBERT HERBERT,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, 



NO. 34,905, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The State appeals from an order of the county court at law dismissing this cause. 
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1993). The underlying offense is
possession of marihuana. Tex. Health & Safety Code Ann. § 481.121 (West 1992).

 In his motion to dismiss, appellee contended that the information had not been
presented within the two-year limitations period applicable to the offense. Tex. Code Crim. Proc.
Ann. art. 12.02 (West 1977). An information is presented when it is filed by the proper officer
in the proper court. Tex. Code Crim. Proc. Ann. art. 12.07 (West 1977). In its second point of
error, the State urges that timely presentment of the information is shown by the docket sheet. 
Appellee argues that the information in this cause was never presented because it does not bear
the county clerk's file mark. 

 An information is properly presented when it is delivered to the clerk's office by
the prosecuting attorney. Queen v. State, 701 S.W.2d 314 (Tex. App.--Austin 1985, pet. ref'd). 
The clerk's file mark is not necessary to presentment. Rincon v. State, 615 S.W.2d 746 (Tex.
Crim. App. 1981); Phariss v. State, 161 S.W.2d 1066 (Tex. Crim. App. 1942). The complaint
in this cause bears a file mark dated August 20, 1991. The information appears in the record
immediately after the complaint. The docket sheet states that both the complaint and the
information were filed on August 20, 1991. 

 Appellee argues that Pharris is distinguishable because in that case the clerk
testified that the information had been handed to her by the prosecutor. He distinguishes Rincon
on the ground that that case involved a collateral attack on the information following a revocation
of probation. Nevertheless, Rincon states that a docket sheet entry is sufficient to show the date
of presentment and filing. We conclude that the record in this cause is sufficient to show that the
information was presented on August 20, 1991, less than two years after September 14, 1990, the
date of the alleged offense. The second point of error is sustained. We need not reach the State's
first point of error.

 The order of the county court at law dismissing this cause is reversed. The cause
is remanded to that court for further proceedings.


[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded

Filed: March 10, 1993

[Do Not Publish]