Jerry Frank **BIRDWELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–01125–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 1999.

**382** ■ ▬▬▬▬▬▬▬▬

Gerald B. Scheve, Houston, for appellant.

Kelly Ann Smith, for appellee.

Panel consists of Justices YATES, FOWLER and HILL.*

## MAJORITY OPINION

FOWLER, Justice.

Appellant, Jerry Frank Birdwell, appeals from his conviction of the offense of theft upon his plea of guilty. Finding the enhancement paragraphs to be true, the trial court assessed his punishment at six years in the Texas Department of Criminal Justice, Institutional Division, in accordance with a plea bargain agreement between appellant and the State. Appellant presents two points of error in which he asserts that (1) the trial court had no jurisdiction over the case when he was convicted; and (2) the appeal must be abated and the cause remanded for a hearing on his motion for new trial, because the trial court abused its discretion in failing to conduct an evidentiary hearing on that motion.

■ In his first point of error, appellant contends the trial court lacked jurisdiction to hear his plea because he entered his plea before the information was filed. A court obtains its jurisdiction from the presentment of an indictment or information. *See* TEX. CONST. art. V, § 12. An information is considered presented when it has been filed by the proper officer in the proper court. *See* TEX.CODE CRIM. PROC. ANN. art. 12.07 (Vernon 1977). In civil and criminal cases, an instrument is deemed filed when it is left with the clerk, regardless of whether a file-mark is placed on the instrument. *See Williams v. State*, 767 S.W.2d 868, 871–872 (Tex.App.—Dallas 1989, pet. ref'd) (citing *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979)); *Queen v. State*, 701 S.W.2d 314, 316 (Tex.App.—Austin 1985, pet. ref'd); *Phariss v. State*, 144 Tex.Crim. 234, 161 S.W.2d 1066 (1942).

■ Appellant claims the record in this case affirmatively shows that the information was filed *after* the plea admonishments and the stipulation and confession. As we explain below, we disagree.

We have no reporter's record, so we are limited in our inquiry to the documents filed in the case. Several different documents pertain to the issue appellant raises. The written plea admonishments were file-ment.

* Senior Justice John Hill sitting by assign-

stamped by a deputy District Clerk at "12:10 p.m."; and a "Waiver of Constitutional Rights, Agreement To Stipulate, and Judicial Confession" signed by appellant was file-stamped by the same clerk who file-stamped the admonishments at "12:15 p.m." The information, to which appellant pled, and the waiver of indictment appellant executed, were file-stamped by a *different* deputy District Clerk at what appears to be "12:1812." Nothing in the record shows whether these documents were given individually to these clerks; for example, at the times written on them, or if they were all handed to one clerk at the same time and file-stamped later by the two clerks.

However, the court's docket sheet does shed some light on the issue. It shows, unequivocally, that the documents were executed and presented in the correct order. The first item on the docket sheet for June 21, 1996, states that appellant appeared in person with counsel and waived a court reporter. This notation is partly stamped and partly handwritten. Next, is the stamped phrase, "FELONY INFORMATION," and, stamped partly on top of that phrase are the words, "DEFENDANT WAIVED INDICTMENT." Below these stamps appear the stamped statement that Defendant waived arraignment and formal reading of the indictment, and that he pleaded guilty in open court. This was followed by a printed paragraph, stamped on the page, reflecting that appellant waived a jury, was admonished by the court, refused to change his plea, and was found guilty.

Appellant could have had a court reporter record the hearing before the judge. Such a record would have established whether the information was filed prior to the entry of the plea. As it is, however, we have three documents file-stamped by two different clerks, who may or may not have had synchronized watches, and, another document, the most important document, the information and waiver of indictment, which has an unusual notation for the time: "12:1812." On the other hand, we have a docket sheet clearly showing that the information was filed with the court prior to appellant's plea.

To sustain appellant's point of error, we would have to ignore the docket sheet and otherwise speculate about the order the documents were filed with the clerk. We are unwilling to speculate on the basis of what we consider to be inconclusive evidence. Without a reporter's record or other evidence to conclusively establish that the court lacked jurisdiction, appellant has failed to carry his burden of establishing error. *See Montalvo v. State*, 846 S.W.2d 133, 136–37 (Tex.App.—Austin 1993, no pet.); *Anderson v. State*, 720 S.W.2d 604, 607 (Tex.App.—Houston [14th Dist.] 1986, no pet.).[1] *See also* Tex.R.App. P. 44.2(c)(3, 4). In sum, we overrule appellant's claim that his conviction is void, and we overrule Appellant's first point of error.

■ In his second point of error, appellant contends that the trial court abused its discretion in failing to conduct an evidentiary hearing on his motion for new trial. As we explain below, the problem with appellant's claim is that a defendant must present a timely motion to the trial court. Appellant *did not do* so.

■ To be timely, a motion for new trial must be (1) filed within 30 days of the date sentence was imposed or suspended in open court; and (2) presented to the trial court within 10 days of filing or within 75 days if the trial court grants permission. *See* Tex.R.App. P. 21.4(a) and 21.6(a); *see also Enard v. State*, 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (holding a defendant has the duty to file *and* present a motion for new trial in order to have it considered by the trial

---

1. Both *Montalvo* and *Anderson* are based, at least in part, on former Tex.R.App. P.50(d). While we recognize that Rule 50(d) was omitted when the Rules of Appellate Procedure were revised, we nevertheless reiterate that it is an appellant's burden to secure a record an appeal that demonstrates error. Here, appellant failed to do this.

court). Appellant, therefore, had to timely present his motion for new trial before the trial court could rule on the motion. *See Price v. State,* 840 S.W.2d 694, 697 (Tex. App.—Corpus Christ 1992, pet. ref'd). Merely filing a motion for new trial does not constitute evidence of its presentment to the court. *See Owens v. State,* 832 S.W.2d 109, 111–12 (Tex.App.—Dallas 1992, no pet.), *overruled on other grounds, Davis v. State,* 870 S.W.2d 43, 46 (Tex. Crim.App.1994).

Here, appellant filed a motion for new trial on July 22, 1996. On that day he also submitted an "ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL." However, that document reflects that the motion for new trial was not presented to and signed by the trial court until September 3, 1996. The court neither granted nor denied the motion. Clearly, September 3 is more than 10 days after July 22, but the record does not reflect that appellant received permission to have his motion for new trial presented and heard more than 10 days after the date his sentence was imposed. Without such a request, appellant needed to present the motion within ten days of July 22, 1996. The record contains no requests for a hearing on the motion for new trial, nor does it indicate the court was ever put on notice that appellant desired such a hearing. *See Carranza v. State,* 960 S.W.2d 76, 79–80 (Tex.Crim.App.1998). The only evidence in the record concerning presentment is appellant's order reflecting that it was presented on September 3, 1996, well after the expiration of the required ten-day period.

■ The trial court's decision to deny a motion for new trial cannot be disturbed absent an abuse of discretion even if the trial court denies the motion without a hearing. *See McIntire v. State,* 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *Kiser v. State,* 788 S.W.2d 909, 914 (Tex. App.—Dallas 1990, pet. ref'd). A trial court cannot abuse its discretion by denying a motion for new trial that was not timely presented. *See id.* at 915.

We find the record does not demonstrate that appellant presented his motion to the court within ten days as required by Rule 21.6, and accordingly, we conclude that the trial court did not abuse its discretion. *See* TEX.R.APP. P. 21.6. We overrule appellant's second point of error and affirm the judgment of the trial court.

JOHN HILL, Justice (Assigned), dissenting.

I respectfully dissent because the trial court lacked jurisdiction to consider Birdwell's plea, since our record affirmatively reflects that the information upon which the prosecution was based was not filed until after Birdwell entered his plea.

Presentment of an indictment or information to a court invests the court with jurisdiction of the cause. *See* TEX. CONST. art. V, § 12. An information is considered presented when it has been filed by the proper officer in the proper court. *See* TEX.CODE CRIM. PROC. ANN. art. 12.07. (Vernon 1977). In this case Birdwell's written plea admonishments bear a file mark of 12:10 p.m. A "Waiver of Constitutional Rights, Agreement To Stipulate, and Judicial Confession" signed by Birdwell bears a file mark of 12:15 p.m. The face of this waiver indicates that Birdwell entered his plea prior to its being executed by the trial judge. The information upon which Birdwell was prosecuted bears a file mark of 12:18 p.m., with the number 12 appearing just to the right of the time. The record therefore reflects that Birdwell pleaded guilty before the presentation of the information. Consequently, the trial court did not have jurisdiction over the case at the time it received Birdwell's plea. *See Cook v. State,* 902 S.W.2d 471, 475 n. 1 (Tex.Crim.App.1995); *Davis v. State,* 150 Tex.Crim. 463, 202 S.W.2d 943, 944 (1947)

Relying on the case of *Flowers v. State,* the State suggests that the clerk was handed the information and waiver of indictment at the conclusion of the plea

hearing and was given the other plea papers at the beginning of the proceedings. *See* 696 S.W.2d 303 (Tex.App.—Fort Worth 1985, no pet.). Even if the State's version of the facts is true, the trial court still had no jurisdiction to accept Birdwell's plea because the information was not presented to the court until it was filed with the clerk. In the State's scenario, the presentment would have occurred after Birdwell entered his plea, which would have been taken before the court had jurisdiction. The court in *Flowers* held that a waiver of indictment validated a *previously*-filed information. *See id.* at 305. Unlike *Flowers,* the problem in this case is that the proceedings took place *before,* not *after,* the information was filed. The *Flowers* court concluded by saying, "Since it is not before us, we do not intend by this holding to indicate that it is not necessary to accomplish both the execution of the waiver and the filing of the information prior to the acceptance of a plea by the Court." *See id.*

The State has made no assertion that there is any evidence in our record that would support a finding that the clerk actually received the information before Birdwell entered his plea, nor has it sought to supplement the record in order to make such a showing.

The State does not explain why, if Birdwell's plea was taken before the information was presented, the trial court would have had jurisdiction to receive the plea. The State frames the issue as one in which Birdwell is contesting the lack of an indictment, as opposed to an information. However, that is not the issue before us.

The majority speculates that the information may have properly been presented prior to Birdwell's plea, despite the fact that our record affirmatively shows that it was not, and without any support in the record for such speculation. It is true, as stated by the majority, that in civil and criminal cases an instrument is deemed filed when it is left with the clerk, regardless of whether a file mark is placed on the instrument. The basic lesson we learn from the cases relied upon by the majority, such as *Phariss v. State,* 144 Tex.Crim. 234, 161 S.W.2d 1066 (1942) and *Williams v. State,* 767 S.W.2d 868, 871–72 (Tex. App.—Dallas 1989, pet. ref'd), is that in the absence of a file mark the court may receive evidence that shows when the information was actually given to the clerk, or that, in the absence of a file mark, the court on appeal will assume that the information was properly filed prior to the taking of the defendant's plea. However, in this case there is a file mark showing that the information was filed after Birdwell entered his plea. Even though a file mark may not be conclusive as to when a document is officially filed, the purpose of these marks is to serve as an indication of when the filing occurred; they constitute evidence that the filing occurred at the time indicated thereon and are relied upon for that purpose. *See Ancira v. State,* 516 S.W.2d 924, 925 (Tex.Crim.App.1974). Even if we might infer from the plea papers, in the absence of a file mark, that the information was timely filed, as the court did in *Williams,* to make such a finding where there is a file mark showing a contrary inference would be to make a fact finding that this court is not authorized to make.

The majority states that the fact that the words "felony information" appear stamped on the docket sheet above where it indicates Birdwell enters his plea "shows unequivocally that the documents were executed and presented in the correct order," and that "The docket sheet clearly shows that the information was filed with the court prior to the appellant's plea." In fact, the docket sheet, as set forth in the majority's opinion, says nothing about when the felony information was filed with the clerk. It merely reflects that Birdwell was charged by felony information, as opposed to an indictment. The majority's conclusion that it unequivocally and clearly shows that the information was filed before the plea is pure speculation because it

does not logically follow from the information that is contained on the docket sheet.

Despite the fact that Birdwell has presented us with a record showing that the information was filed after he presented his plea, the majority contends that he has somehow failed to preserve error because he did not present a reporter's record. I do not understand why such a record would be necessary to preserve the error where the error is shown by the file marks on the documents in our record. Also, a reporter's record does not usually reflect when a document is filed with the clerk. That is ordinarily reflected by the file mark. I would hold that once the appellant has shown by file marks on the documents that the trial court lacked jurisdiction because the information was filed after the plea, and the issue is first presented on appeal, the State may seek to have the appeal abated and remanded to the trial court for a hearing to determine the order in which the documents were filed. In this case the State has not sought an abatement and the majority, while not accepting the undisputed showing that the information was not filed until after Birdwell entered his plea, has not chosen on the court's own motion to abate the appeal for a hearing to determine the order in which the documents were filed.

In support of its finding that Birdwell failed to demonstrate and preserve error, the majority relies upon *Montalvo v. State*, 846 S.W.2d 133, 136–37 (Tex.App.—Austin 1993, no pet.); *Anderson v. State*, 720 S.W.2d 604, 607 (Tex.App.—Houston [14th Dist.] 1986, no pet.); and Tex.R.App. P. 44.2(c)(3), (4). I find both *Montalvo* and *Anderson* to be distinguishable. In *Montalvo*, the court held that an appellant's failure to present a statement of facts showing the rulings of the trial court to which the appellant assigns error presents nothing for review. *Montalvo v. State*, 846 S.W.2d at 137. In *Anderson*, the court held that the appellant presented nothing for review where he was contending, in the absence of a statement of facts, that he was not properly admonished when he entered his plea of guilty. In both cases the error that the appellant sought to present was not presented by a statement of facts, nor was it otherwise shown on the record. In this case the order in which the documents were filed is reflected by the file marks contained on those documents. Rule 44.2(c)(3) and (4) states that we must presume that the defendant was arraigned and that he pleaded to the indictment or other charging instrument. *See* Tex. R.App. P. 44.2(c)(3), (4). It is undisputed that Birdwell was arraigned and that he pleaded guilty to the information. The issue is whether he pleaded guilty before the information was presented. Even if the rule somehow required us to presume that the information was filed before the plea, which it does not purport to do, the presumption is overcome in this case by the file marks indicating that the information was filed after the plea.

The majority's argument that the clerks may not have synchronized watches is again pure speculation that is not based upon any evidence. As previously noted, the file mark should be recognized as correct unless the contrary is shown by evidence.

In its conclusion, the majority indicates that in order to reverse this cause it would have to ignore the docket sheet and speculate about the order in which the documents were filed. In fact, neither is necessary because the docket sheet does not reflect the order in which the documents were filed, and, in the absence of other evidence, the file mark may be relied upon as being the correct time of filing.

I would reverse the trial court's judgment and remand this cause for further proceedings.