Affirmed; Opinion of July 21, 2005 Withdrawn and Corrected Memorandum
Opinion filed August 25, 2005









Affirmed; Opinion of July 21, 2005 Withdrawn and
Corrected Memorandum Opinion filed August 25, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00478-CR

____________

 

MARTIN
SHELBY BARNES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________________________

 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 945,822

_________________________________________________________________

 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N








We withdraw our previous opinion,
and substitute this opinion to correct a clerical error.  Appellant was found guilty of robbery and
sentenced to life imprisonment, to be served in the Texas Department of
Criminal Justice, Institutional Division. 
On appeal, appellant challenges the trial judge=s
decision not to strike certain veniremembers for cause, and the legal and
factual sufficiency of the evidence to support appellant=s conviction.  Appellant also urges this court to find that
he received ineffective assistance of counsel and that the trial judge erred by
failing to hold a hearing on appellant=s motion
for new trial.  We affirm.

Factual and Procedural Background

Factual Background

In the early afternoon of April
15, 2003, the complainant, Clifton Calbert, was sweeping one of the car wash
bays at his carwash.  As he was sweeping,
Mr. Calbert saw a man approaching him. 
This man was wearing a hooded sweatshirt, jeans, some sort of cap or
mask, and tennis shoes.  Mr. Calbert
later identified this man as the appellant. 
Initially, Mr. Calbert was unconcerned, as people frequently crossed
through his car wash to reach a nearby bus stop.  But when appellant was about five to seven
feet away from Mr. Calbert, he began to yell, AGive me
your money.  Give me your money before I
kill you!@ 
At that point, Mr. Calbert became alarmed and started to back away from
appellant.  Appellant continued to walk
toward Mr. Calbert and continued to threaten him by saying, AGive me
the money before I kill you.  Don=t make me
kill you.@ 
As he was making these threats and advancing toward Mr. Calbert,
appellant showed him what appeared to be the butt of a gun. 

            Fortunately for Mr. Calbert, there
was a police car about one-quarter of a block away. When appellant saw the
police car, he ran away.  Mr. Calbert
reported what had just happened and the police began searching for
appellant.  After a brief search, the
police found appellant in the neighborhood near the car wash.  When police brought appellant back to the car
wash, Mr. Calbert verified that he was the man who had just threatened
him.  Police also located a B.B. gun and
various articles of clothing in some bushes near the area where they caught
appellant.

The State charged appellant with
robbery.  Appellant pleaded >not
guilty= and
proceeded to trial before a jury.  








Voir Dire

During voir dire, appellant=s trial
counsel asked the veniremembers to describe their feelings about the
presumption of innocence using a scale of one to five.  On this scale, a rating of Azero@ meant
the presumption of innocence was intact, and a rating of Afive@ meant
the veniremember already thought appellant was guilty.  Appellant=s counsel
challenged seven veniremembers for cause based upon their answers, but the
trial judge denied these challenges.  The
trial judge also denied appellant=s counsel=s request
for seven additional peremptory strikes. 

Trial and Appellant=s Motions
for New Trial

At trial, the jury ultimately
convicted appellant and, after finding the enhancement paragraphs to be true,
assessed punishment at life imprisonment. 
Appellant filed two motions for new trialCthe first
was pro se and the second was filed by appellant=s
counsel.  Each stated that appellant=s trial
counsel provided appellant with arguably ineffective assistance.  The second motion for new trial, filed by
appellant=s counsel, also alleged the trial
judge erred by not granting the challenges for cause to veniremembers who did
not accord appellant the presumption of innocence.  The trial judge did not hold a hearing on the
motions for new trial, and they were overruled by operation of law.  

Issues on Appeal

On appeal, appellant raises five
issues.  In his first issue, appellant
contends the trial judge erred by denying his challenges for cause to the
veniremembers who allegedly did not presume appellant=s
innocence.  In his second and third
issues, appellant challenges the legal and factual sufficiency of the evidence
to support his conviction.  In his fourth
and fifth issues, appellant argues that he received ineffective assistance from
his trial counsel, and that the trial court erred by failing to hold a hearing
on his motion for new trial.  We address
appellant=s issues in the order he has
presented them.








Analysis

I.          The trial court
properly denied appellant=s
challenges for cause.

Initially, appellant argues the trial judge improperly denied his
challenges for cause because certain veniremembers allegedly were not willing
to presume his innocence.  During voir
dire, appellant=s counsel
described a scale ranging from zero to five, with Azero@
representing a total belief in the presumption of innocence and Afive@
representing a belief that appellant was guilty.  The veniremembers that appellant challenged
for cause were those who did not answer Azero.@[1]  The trial judge denied appellant=s
challenges for cause and also denied appellant=s request
for additional peremptory challenges.  See
Newbury v. State, 135 S.W.3d 22, 30B31 (Tex.
Crim. App.), cert. denied, 125 S. Ct. 496 (2004) (describing process for
preservation of error and harm analysis in context of denial of a challenge for
cause).

The
Presumption of Innocence

A person charged with a crime is
presumed innocent and cannot be convicted unless the prosecution proves each
element of the offense beyond a reasonable doubt.  See Ladd v. State, 3 S.W.3d 547, 560
(Tex. Crim. App. 1999) (citing In re Winship, 397 U.S. 358 (1970)).  A veniremember who cannot presume the
defendant=s innocence is challengeable for
cause based upon a bias against the law. 
See id. (citing Banda v. State, 890 S.W.2d 42, 55 (Tex.
Crim. App. 1994) (en banc); see also Tex.
Code Crim. Proc. art. 35.16(c)(2) (stating a defendant may make a
challenge for cause when a prospective juror has a bias against the law).  For challenges based upon an alleged bias
against the law, the relevant inquiry is whether the veniremember=s beliefs
would Aprevent
or substantially impair him from following the law as set out in the trial
court=s
instructions and as required by the juror=s oath.@  Swearingen v. State, 101 S.W.3d 89, 99
(Tex. Crim. App. 2003) (en banc) (citing Lagrone v. State, 942 S.W.2d
602, 616 (Tex. Crim. App. 1997) (en banc)). 

The Standard of Review








We must review the trial court=s
decision on appellant=s
challenges for cause with A>considerable
deference= because the trial court is in
the best position to evaluate the veniremember=s
demeanor and responses.@  Newbury, 135 S.W.3d at 32 (citing Colburn
v. State, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998) (en banc); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc)); see also
Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (en banc) (AGreat
deference is given to the trial court=s
decision because the trial judge [is] present to observe the demeanor of the
prospective juror and to listen to his tone of voice.@) (citing
Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002)).  Our review encompasses the veniremember=s voir
dire as a whole.  Swearingen, 101
S.W.3d at 99.  We are especially
deferential when there is not a clearly objectionable declaration in the record
or when the veniremember vacillates or is equivocal.  Id. (citing Garcia v. State,
887 S.W.2d 846, 854 (Tex. Crim. App. 1994) (en banc); Rachal v. State,
917 S.W.2d 799, 814 (Tex. Crim. App. 1996) (en banc); Heiselbetz v. State,
906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc)).

The Veniremembers=
Statements 








On this record, it is arguable
that the challenged veniremembers did not believe in an absolute presumption of
innocence for a criminal defendant such as appellant.  However, the record does not reveal that any
particular veniremember=s beliefs
would Aprevent
or substantially impair him from following the law as set out in the trial
court=s
instructions and as required by the juror=s oath.@  See Swearingen, 101 S.W.3d at 99
(citing Lagrone, 942 S.W.2d at 616). 
In fact, the record reflects that each of the challenged veniremembers would
follow the law regarding appellant=s
presumption of innocence.  At the
beginning of voir dire, the trial judge explained that appellant Ais
presumed to be innocent@ and that
this Apresumption
of innocence stays with a defendant throughout the trial.@  The trial judge also explained that the
presumption of innocence is only overcome when the State has convinced the jury
that he is guilty beyond a reasonable doubt, and that an indictment is not
evidence of guilt.  After further
explanation of the presumption of innocence and the State=s burden
of proof at trial, the trial judge asked the veniremembers, row by row, whether
Aanybody .
could not at this time presume [appellant] innocent?@  The record does not reflect that any
prospective jurors indicated an inability to follow the law.  See id. (stating a juror is only
challengeable for cause if their personal beliefs would prevent or
substantially impair him from following the law).

Nor did appellant=s counsel
question these prospective jurors further about whether their personal beliefs
would prevent them from following the law regarding the presumption of
innocence.  See Threadgill, 146
S.W.3d at 667 (ABecause neither
party questioned [the veniremember] further about his statement, explained to
him what the law requires, or asked whether he could follow the law despite his
personal views, he was not challengeable for cause on this basis and the trial
court did not abuse its discretion in denying appellant=s
challenge.@); see also Watson v. State,
Nos. 14-99-00640-CR, 14-99-00641-CR, 2000 WL 1591081, *3 (Tex. App.CHouston
[14th Dist.] Oct. 26, 2000, pet. ref=d) (not
designated for publication) (holding trial judge reasonably could have
concluded veniremember would faithfully apply the presumption of innocence when
appellant=s counsel had opportunity to
exact a clear statement of prejudice or predisposition and failed to do
so).  We conclude appellant has failed to
prove his challenges for cause were erroneously denied and overrule his initial
point of error.

II.        The evidence is legally sufficient to support appellant=s
conviction.

In his second issue, appellant
challenges the legal sufficiency of the evidence to support his
conviction.  Specifically, appellant
argues the State failed to prove that his actions constituted a threat that was
sufficient to place the complainant, Mr. Calbert, in fear of imminent bodily
injury and death. 








We employ a familiar standard of
review to evaluate the legal sufficiency of the evidence to support appellant=s robbery
conviction.  We must view the evidence in
the light most favorable to the verdict to determine whether any rational
fact-finder could have found all of the elements of the offense beyond a
reasonable doubt.  Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003) (stating appropriate appellate
inquiry for assessing legal sufficiency) (citing Jackson v. Virginia,
443 U.S. 307, 319 (1979)).  As an
appellate court, we do not re-evaluate the weight and credibility of the
evidence.  See Fuentes v. State,
991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (stating jury, as fact-finder, is
the sole judge of the witnesses=
credibility and the strength of the evidence).

Appellant was charged with
robbery.  The indictment alleged that
appellant Aintentionally and knowingly
threaten[ed] and place[d] the Complainant in fear of imminent bodily injury and
death, by demanding property while pretending to have a weapon@ while in
the course of committing theft.  The
evidence adduced at trial reveals that appellant approached Mr. Calbert in the
bay of the car wash.  Appellant continued
to advance toward Mr. Calbert as Mr. Calbert backed away.  Initially, appellant told Mr. Calbert, AGive me
your money.@ 
When Mr. Calbert did not comply, appellant twice said, AGive me
the money before I kill you.@  Mr. Calbert continued to back away from the
appellant and told appellant he was not the owner of the car wash.  At that point, appellant showed Mr. Calbert
what appeared to be a gun.  Although this
turned out to be a BB gun, Officer Polk testified at appellant=s trial
that it could be mistaken for a real gun. 
Appellant=s actionsCdemanding
money and repeatedly threatening to kill Mr. Calbert while showing him what
appeared to be a gunCwould
reasonably place Mr. Calbert in fear of serious bodily injury or death.  We conclude the evidence is legally
sufficient to allow a reasonable fact-finder to conclude, beyond a reasonable
doubt, that appellant, while committing theft, intentionally and knowingly
threatened Mr. Calbert and placed him in fear of imminent bodily injury or death.  See Jackson, 443 U.S. at 319; Sanders,
119 S.W.3d at 820.  We overrule appellant=s second
point of error.

III.       The evidence is
factually sufficient to support appellant=s
conviction.








In
appellant=s third point of error, he
contends the evidence is factually insufficient to support his conviction for
robbery.  Again, appellant claims the
threats made were insufficient to place Mr. Calbert in fear of imminent bodily
injury and death.  See Green v. State,
567 S.W.2d 211, 213 (Tex. Crim. App. 1978) (stating the complainant=s fear
must be Aof such
nature as in reason and common experience is likely to induce a person to part
with his property against his will); see also Yarborough v. State, No.
14-00-00929-CR, 2001 WL 1386441, *4 (Tex. App.CHouston
[14th Dist.] Nov. 8, 2001, pet. ref=d) (not
designated for publication) (stating the inquiry on appeal is Awhether
the words and conduct of the accused were sufficient to place a reasonable
person in the victim=s
situation in fear of imminent bodily injury or death@) (citing
Welch v. State, 880 S.W.2d 225, 227 (Tex. App.CAustin
1994, no pet.)).  Threats that are
sufficient to place one in fear of bodily injury or death can take the form of
words or conduct.  See McGowan v.
State, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984) (en banc) (AA threat
may be communicated by action or conduct as well as words.@); see
also Yarborough, 2001 WL 1386441, at *4; Donoho v. State, 39 S.W.3d
324, 329 (Tex. App.CFort
Worth 2001, pet. ref=d).

When reviewing the factual
sufficiency of the evidence, we view the evidence in a neutral light, without
the prism of the-light-most-favorable-to-the-verdict. See Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004); Johnson v. State, 23 S.W.3d
1, 6B7 (Tex.
Crim. App. 2000).  The evidence may be
factually insufficient in two ways.  Id.  First, the evidence that supports the verdict
may be too weak to support a finding of guilt beyond a reasonable doubt.  Id. 
Second, the evidence that is contrary to the verdict may be so strong
that the beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.  In our review, we are not to re-evaluate the
weight and credibility of the evidence.  See
Fuentes, 991 S.W.2d at 271.  Instead,
an appellate court reviews the factual sufficiency of the evidence to ensure
the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Zuniga, 144 S.W.3d at 484.

The evidence that supports the
verdict already has been set out in detail in response to appellant=s legal
sufficiency challenge.  Most importantly,
appellant demanded money from Mr. Calbert and repeatedly threatened to kill him
while showing him the butt of a BB gun that looked like a real weapon.  Even when we view this evidence in a neutral
light, we conclude that it is factually sufficient to support a finding of
guilt beyond a reasonable doubt.  See
id. at 484.








Appellant relies on the following
contrary evidence to support his assertion that his threats were not sufficient
to place Mr. Calbert in fear of serious bodily injury and death: 1) the threats
were made from a distance of four to seven feet away from Mr. Calbert; 2) the
threats were made during the day and in the presence of other people at the car
wash and in passing cars; 3) a police car was 300B400 feet
away and clearly visible; and 4) when Mr. Calbert and appellant saw the police
car, Mr. Calbert was able to run to the police officer unopposed while
appellant ran away.  The jury was
entitled to weigh this evidence in its determination that appellant=s threats
placed Mr. Calbert in fear of serious bodily injury or death.  See Fuentes, 991 S.W.2d at 271; see
also Yarborough, 2001 WL 1386441 at *4B5
(concluding evidence was factually sufficient to support aggravated robbery
conviction when appellant brandished a screwdriver and told the victim he would
kill her).  We cannot say the contrary
evidence is so overwhelming that the beyond-a-reasonable-doubt standard could
not have been met.  See Zuniga,
144 S.W.3d at 485.  We overrule appellant=s third
point of error.

IV.       Appellant has not shown his trial counsel provided ineffective
assistance.








In his fourth point of error,
appellant urges us to find that his trial counsel failed to provide him with
effective assistance during his trial. 
Appellant contends that his trial counsel was ineffective because
counsel did not ask a defense witness to identify Mr. Calbert as a previous
purchaser of crack cocaine from appellant.[2]  Without this identification to link Mr.
Calbert to appellant, appellant argues that his counsel needlessly introduced
evidence that appellant sold drugs and opened the door for the State to further
explore appellant=s
involvement with drugs.  Appellant also
contends his trial counsel was ineffective by failing to request a limiting
instruction regarding these extraneous offenses.  According to appellant, the lack of limiting
instructions permitted the jury to convict him for being a criminal in general.

The Strickland Test

To show that his trial counsel
was ineffective, appellant must meet a two-prong test.  Strickland v. Washington, 466 U.S.
668, 687 (1984); Banda v. State, 890 S.W.2d 42, 59 (Tex. Crim. App.
1994) (en banc).  First, appellant must
show his counsel=s
performance was deficient.  Hernandez
v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999) (en banc) (citing Strickland,
466 U.S. at 687).  Trial counsel=s
performance is deficient when it falls below an objective standard of
reasonableness.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000) (en banc) (citing Strickland, 466
U.S. at 688).  Second, appellant must
show that his trial counsel=s
deficient performance prejudiced his defense at trial.  Id. (citing Strickland, 466
U.S. at 687).  

There is a strong presumption
that counsel=s conduct fell within the wide
range of reasonable professional assistance. 
Id. (AWe engage
in >a strong
presumption= that counsel=s actions
fell within the wide range of reasonably effective assistance.@) (citing
Strickland, 466 U.S. at 689).  Accordingly, our judicial scrutiny is highly deferential
and we will not use hindsight to second-guess a tactical decision made by trial
counsel.  See Strickland, 466 U.S.
at 689.  The burden is on appellant to
overcome the presumption that his attorney=s actions
might be considered Asound
trial strategy.@  Tong, 25 S.W.3d at 712 (citing Strickland,
466 U.S. at 689; Chambers v. State, 903 S.W.2d 21, 33 (Tex. Crim. App.
1995)).  A[W]ithout
some explanation as to why counsel acted as he did, we presume that his actions
were the product of an overall strategic design.@  Id. at 714 (holding appellant failed
to overcome presumption when record was silent as to why appellant=s counsel
did not object to possibly objectionable testimony) (citing Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)).








The Record

In this case, appellant has
failed to develop a record that overcomes the presumption that his counsel
engaged in a sound trial strategy.  We
have no explanation in the record for counsel=s
decision not to ask the defense witness to identify Mr. Calbert specifically
rather than by physical description.  See
id.  We do note, however, that
appellant=s trial counsel pointed out
during his closing argument that the witness=s
physical description fit Mr. Calbert Ato a T,@ and
argued that the defense witness=s
testimony damaged the credibility of Mr. Calbert, who was the complainant and a
key State witness.[3]

Similarly, the record is silent
as to the reason for trial counsel=s
decision not to request a limiting instruction. 
Without knowing the reason, we cannot say that trial counsel=s conduct
was not a sound trial strategy.[4]  See id.  Therefore, appellant cannot meet the first
prong of the Strickland test and we overrule his fourth point of error.[5]








V.        The
trial court did not err by failing to hold a hearing on appellant=s motion for new trial.

In his fifth and final point of error, appellant contends the trial
judge erred by failing to hold a hearing on his motions for new trial.  While represented by counsel, appellant filed
a pro se motion for new trial.[6]  Later, his trial counsel also filed a motion
for new trial. The trial court did not hold a hearing and the motions for new
trial were overruled by operation of law. 
See Tex. R. App. P.
21.8.  

The State
points out, and appellant candidly concedes, that neither motion was presented
to the trial court as Rule 21.6 requires. 
See Tex. R. App. 21.6
(AThe
defendant must present the motion for new trial to the trial court . . . .@).  However, despite this procedural defect,
appellant urges this court to remand his case to the trial court for a hearing
in the interest of justice.  Because the
Texas Court of Criminal Appeals has specifically held that Athe
filing of the motion [for new trial] alone is not sufficient,@ and the
motion Amust be
presented,@ we decline to do so.  See Reyes v. State, 849 S.W.2d 812,
815 (Tex. Crim. App. 1993) (en banc) (citing Tex.
R. App. P. 31(c)); see also Longoria v. State, 154 S.W.3d 747,
762B63 (Tex.
App.CHouston
[14th Dist.] 2004, pet. filed) (AA trial
court cannot abuse its discretion by denying a motion for new trial by
operation of law when the motion was not timely presented.@) (citing
Birdwell v. State, 996 S.W.2d 381, 384 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d)); Enard
v. State, 764 S.W.2d 574, 575 (Tex. App.CHouston
[14th Dist.] 1989, no pet.) (ABecause
the appellant failed to present his motion for new trial, we hold that
there was no abuse of discretion by the trial court in allowing the motion to
be overruled by operation of law without a hearing.@).  Therefore, we overrule appellant=s fifth
point of error.








Conclusion

Having addressed and overruled each of appellant=s issues, we affirm the
trial court=s judgment.

 

 

/s/                    Wanda McKee Fowler

Justice

 

Judgment rendered and Corrected Memorandum Opinion filed August 25,
2005.

Panel consists of Chief Justice Hedges and Justices Fowler and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  The challenged
veniremembers= answers ranged from Aone@ to Afour@ on the scale.





[2]  At his trial,
one of appellant=s witnesses testified that, shortly before the alleged
robbery, he had accompanied appellant to Mr. Calbert=s car wash. 
This witness recounted a drug transaction between appellant and a man
whose physical description was similar to Mr. Calbert=s.  The witness
recalled that no money changed hands but agreed that it was not unusual to sell
crack cocaine Aon credit.@  During his testimony, the witness provided a
physical description, but was not specifically asked whether Mr. Calbert was
the buyer.  Nonetheless, during closing
argument, appellant=s trial counsel argued that the witness=s physical description matched that of Mr.
Calbert.  Appellant=s counsel argued that the exchange between appellant
and Mr. Calbert was not a robbery, but rather an argument or confrontation over
their previous drug transaction. 
Appellant=s counsel also argued that this witness=s testimony contradicted Mr. Calbert=s testimony and, therefore, damaged Mr. Calbert=s credibility.





[3]  In light of
the fact that appellant=s counsel made these connections in his closing
argument, we conclude that, even if the failure to extract an in-court
identification of Mr. Calbert was error, appellant cannot show that it
prejudiced his defense.  See Tong,
25 S.W.3d at 712 (stating appellant must show that his trial counsel=s deficient performance prejudiced his defense)
(citing Strickland, 466 U.S. at 687).





[4]  We recognize
that a silent record will not preclude reversal on direct appeal if counsel=s conduct was Aso
outrageous that no competent attorney would have engaged in it.@  Goodspeed
v. State, - - - S.W.3d - - -, 2005 WL 766996, *2 (Tex. Crim. App. Apr. 6,
2005) (stating an appellate court should not find deficient performance when
counsel=s reasons for failing to do something do not appear in
the record unless Athe challenged conduct was >so outrageous that no competent attorney would have
engaged in it=@) (citing Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).  But appellant=s case is not one of the rare cases in which Ano reasonable trial strategy could justify the trial
counsel=s conduct.@  See Andrews v. State, 159 S.W.3d 98,
102 (Tex. Crim. App. 2005) (holding that, despite the record=s silence as to trial counsel=s subjective strategy, under the unusual circumstances
of the case, there could be no legitimate trial strategy in failing to object
to the prosecutor=s misstatement of the law, which was detrimental to
appellant).  





[5]  As we discuss
more fully in response to appellant=s fifth
point of error, the failure to develop an adequate record below by a hearing on
appellant=s motion for new trial was not due to the trial judge=s neglect or error, but rather to appellant=s failure to follow the proper procedures with respect
to his motion for new trial.





[6]  We note the
irregularity of appellant=s filing a pro se motion while represented by
counsel.  See Rudd v. State, 616
S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981) (stating there is no right
to hybrid representation and, therefore, the pro se briefs filed by appellant,
who was represented by counsel, presented nothing for review) (citing Landers
v. State, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977)).