**Barbara Ann LAFLORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60887.

Court of Criminal Appeals of Texas, En Banc.

April 2, 1980.

Max Blankenship, Fort Worth, Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford, and Donald M. Land, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission a panel of this Court, in affirming an order revoking probation and imposing sentence on appellant, overruled her contention that there was no

evidence introduced at the hearing on her plea of guilty to the primary offense tending to establish her guilt.[1] The thrust of her argument was that she executed a judicial confession to general theft pursuant to V.T.C.A. Penal Code, § 31.03 while the indicted offense is theft of services pursuant to V.T.C.A. Penal Code, § 31.04, an entirely different offense. Because the record on original submission did not contain a transcription of the court reporter's notes from the guilty plea hearing, the panel was constrained to hold under the authority of *Wolfe v. State*, 560 S.W.2d 686 (Tex.Cr.App. 1978) and its progeny that appellant was making an improper attempt collaterally to attack sufficiency of the evidence. Having since received the transcription we granted appellant leave to file her motion for rehearing in light of her assertion that the record now supports her contention initially advanced on original submission. We agree and now reverse.

Omitting its formal parts, the indictment in the record of the instant case alleges that appellant did unlawfully:

". . . then and there with intent to avoid payment for lodging, a service that the Defendant knew was provided by William H. Cooper, Jr., only for compensation, knowingly and intentionally secure performance of such service, of the value of at least $200.00 but less than $10,000.00, by deception in that the Defendant absconded without paying for such service."

In a single pleading, appellant executed her waiver of jury, agreement to stipulate,

and application for probation.[2] The written stipulation recites, in pertinent part:

"I judicially confess that . . . I unlawfully took, obtained and exercised control over property, namely ———, of the value of $200, without the effective consent of and with intent to deprive the owner, William H. Cooper, Jr., of said property and the value thereof, and with intent to appropriate the same to my own use and benefit, exactly as charged in the indictment."[3]

The statement of facts of the plea hearing reveals the indictment was *not* read and the trial court, presided over by a visiting judge, merely described the charge as "the felony offense of theft over two hundred dollars," etc., then admonished appellant of the consequences of her plea and the range of punishment and obtained her oral waiver of certain rights. The State offered as its only evidence the "signed judicial confession;" it was admitted without objection. The State then rested and appellant's counsel announced, "No evidence." Appellant did not testify. Whereupon the trial court, finding "sufficient evidence in this cause" adjudged her "guilty as charged."

Only recently in *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1980) (on rehearing) the Court was confronted with a situation somewhat akin to that posed by the instant case in that the accused executed a judicial confession to an offense wholly distinct from that alleged in the indictment. A majority of this Court, however, overruled the contention that there was no evidence to support the accused's guilty plea

---

1. At the revocation hearing appellant introduced a reproduction of the transcript of the notes of the court reporter taken during the plea hearing and insisted there was not sufficient evidence to support her plea of guilty for the court to have found her guilty, so that she was entitled to be discharged.

2. The pleading begins with the recitation: "NOW COMES defendant in the above cause, and would respectfully show that he stands accused by indictment of THEFT OF PROPERTY OF THE VALUE OF $200.00 OR MORE, BUT LESS THAN $10,000, as charged in this

indictment." [Emphasis by capitalization in original.] Of course, that is not what the indictment in the record before us charged—theft of property is something other than theft of service. The pleading further reflects approval by the trial court of waivers, agreements and "the *above Judicial Confession*" to theft of property. [Emphasis added.]

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

because the record showed that the accused took the stand, acknowledged going over the indictment, affirmed that it was "true and correct" and confirmed that he was pleading guilty to that indictment because he was guilty. This *oral* "judicial confession," reasoned the majority, was sufficient, standing alone, to support the finding of guilt upon a plea of guilty. *Dinnery v. State*, supra at 352–54.

Yet in this case, we are not presented with a *Dinnery* fact situation in that it is not shown that appellant had read the indictment; she did not take the stand and affirm that the indictment was true and correct, nor did she confirm that she was pleading guilty to such an indictment. The holding of *Dinnery*, therefore, does not govern the instant case where the record itself demonstrates an absolute lack of *any* evi-

dence tending to support the plea of guilty and where the "judicial confession" relied upon by the *Dinnery* majority was not made.[4]

Accordingly, it is clear that the holding of *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr. App.1976) controls this case. In *Moffett*, supra, it was determined that upon a showing that there is *no* evidence upon which a conviction could be based, due process considerations have been offended and such an abridgment will justify a collateral attack on that conviction. See also *Ex parte Murchison*, 560 S.W.2d 654 (Tex.Cr.App.1978) and *Wolfe v. State*, supra.

Therefore, for lack of any evidence to support her conviction, appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and remanded to the trial court with instructions to enter a judgment of acquittal.

---

**4.** Indeed, the *Dinnery* opinion concedes: "If this 'judicial confession' was the only evidence in the record, we would have to conclude that the evidence was insufficient to sustain a conviction . . . and to meet the requirements of Article 1.15, V.A.C.C.P."