Avis **MORGAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–84–197–CR.

Court of Appeals of Texas,
Waco.

July 25, 1985.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Bill R. Turner, Dist. Atty., E. Hubbard Kennady, Asst. Dist. Atty., Bryan, for appellee.

OPINION

JAMES, Justice.

This case is an appeal from an order revoking Appellant's probation. Appellant

waived indictment and entered a plea of guilty on a felony information for the offense of theft of property of the value of $750.00 or more, but less than $20,000.00. Pursuant thereto Appellant was convicted of this offense and received a punishment of six years in the Texas Department of Corrections; however, the trial court suspended the sentence and placed Appellant on probation. As part of the conditions of probation Appellant was required, among other things, to (a) commit no offense against the laws of the State of Texas; and (q) pay $1,228.00 restitution to the Brazos County Adult Probation Department in monthly installments of $25.00 per month.

Appellant's judgment of probation was dated February 23, 1984. Thereafter, the State in its Amended Motion to Revoke Probation, asserted that on March 11, 1984, Appellant violated condition (a) of his probation by committing the offense of burglary of a motor vehicle. Moreover, the State charged that Appellant had violated condition (q) of the terms of probation for failure to pay restitution in the amount of $75.00, same being in the amount of $25.00 per month for each of the months of June, July, and August of 1984.

The trial court after hearing revoked Appellant's probation, and ordered him to serve six years in the Texas Department of Corrections. There is nothing in the order revoking probation concerning Appellant's failure to pay restitution; however, in the sentence, there is a recitation that Appellant shall pay "Restitution in the amount of $1,203.00 upon parole."

Appellant comes to this Court on two grounds of error as follows:

(1.) The trial court abused its discretion in determining sufficient evidence existed to revoke Appellant's probation.

(2.) The sentence imposes a condition on parole not established by the evidence.

We overrule Appellant's first ground of error and sustain the second ground of error, reform the sentence by deleting any requirement that Appellant pay any restitution and as reformed, affirm the trial court's judgment.

At or around 11:00 a.m. on Sunday, March 11, 1984, Blake Pickett was riding as a passenger in a vehicle heading east on Highway 21 in the City of Bryan, Texas, when he noticed a black male sitting in his father's 1977 yellow Grand Prix automobile. Blake's father, Guy Pickett, operated a used car lot called "Ace Auto Sales" at 1900 Highway 21 East in the City of Bryan, Texas, and the car in question was parked on this used car lot, and was for sale. The used car lot was not open for business, since this was Sunday. Blake Pickett stopped to question the black male and asked the man if he needed help. The Appellant then got out of the Grand Prix automobile and said "No, I'm just getting your stereo." Then Appellant stepped by Blake, whereupon Blake noticed he was wearing a black leather jacket with black baggy pants and gray shoes. The black male also had long braided hair which stood straight up. Blake looked inside the automobile and discovered the stereo was gone.

Guy Pickett testified that he was the owner of the 1977 Grand Prix automobile at the time and on the occasion in question, that the stereo was present in the car by the end of the day on Saturday, March 10, 1984, and was gone from the car on Sunday, March 11, 1984. Guy Pickett further testified that he did not give Appellant or anyone else consent to enter the automobile and remove the stereo.

After Appellant got out of the car, he began running away from Blake Pickett, heading north on Highway 6. Blake continued to observe Appellant until he (Appellant) obtained a ride from Norris Gill, a neighborhood acquaintance of Appellant. Thereafter, Norris Gill drove the Appellant to Boulevard Street. Norris Gill noticed that the Appellant's leather jacket stayed fully buttoned during the entire drive. Norris Gill testified that Appellant had nothing in his hands.

Likewise, on cross-examination, Blake Pickett testified that he never did see Ap-

pellant with any item in his hands such as a car stereo.

Appellant in his first ground of error contends that there is no evidence to establish that he (Appellant) in fact possessed a stolen car stereo nor is there evidence to indicate that he in fact took one from the car in question. We do not agree.

■ In a probation revocation proceeding, the standard of proof required is that the State prove each element of the charged offense by a preponderance of the evidence. *Jackson v. State*, (Tex.Cr.App. 1983) 645 S.W.2d 303; *Caddell v. State*, (Tex.Cr.App.1980) 605 S.W.2d 275.

■ In the case at bar, we are of the opinion and hold that the State has proved every element of burglary of an automobile by a preponderance of the evidence. Even though neither Blake Pickett nor Norris Gill ever saw the Appellant with the stereo in his hands, yet the physical facts as above recited are sufficient to show by a preponderance of the evidence that Appellant took the stereo. Since the evidence was thus sufficient to prove the offense, the trial court did not abuse its discretion in revoking the probation. See *Barnett v. State*, (Tex.Cr.App.1981) 615 S.W.2d 220, dismissed for want of a substantial Federal question, in *Barnett v. Texas* (1981), 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75. Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the sentence imposes a condition on parole not established by the evidence. As stated, the judgment wherein Appellant was placed on probation ordered Appellant to pay restitution in the total amount of $1,228.00 by paying $25.00 per month beginning in March 1984, and $25.00 in each succeeding month thereafter until restitution was fully paid.

The State's amended motion to revoke probation alleged that Appellant had failed to make his payments for the months of June, July, and August 1984, a total of $75.00 in all. The uncontroverted evidence showed that Appellant had failed to pay these three payments.

In the order revoking probation, there is no mention of Appellant's failure to make any restitution payments; however, in the sentence, there is a recitation that Appellant shall pay "Restitution in the amount of $1,203.00 upon parole." In the statement of facts there is no showing that the trial court ever orally ordered Appellant to pay any restitution amount. Appellant's second ground of error asserts that "the sentence imposes a condition on parole not established by the evidence." We sustain this ground of error, and accordingly reform the sentence by deleting the requirement that Appellant pay any restitution amount upon parole. With this reformation of the sentence, the trial court's judgment is in all other respects affirmed.

REFORMED AND AFFIRMED.