Clifton Edward WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00680–CR.

Court of Appeals of Texas, Dallas.

March 13, 1989.
Discretionary Review Refused June 7, 1989.

Robert Udashen, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

BAKER, Justice.

The trial court convicted Clifton Edward Williams of unauthorized use of a vehicle and, because of two enhancement paragraphs, sentenced him to twenty-five years' confinement. Because we find appellant's three points of error without merit, we affirm.

In his first point, appellant contends that the evidence is insufficient to convict him for the offense charged. According to the evidence, Richard Allen Flatt stopped at a 7–Eleven to buy cigarettes and coffee. He left his keys in his 1986 pickup truck with the doors unlocked. While he was in the store, the cashier told Flatt that his truck was being driven away by someone else. Flatt ran out of the store to prevent the person from escaping in the truck but was unable to stop him even though he chased the truck for several blocks. He then called the police and reported the pickup stolen and described it.

Later in the afternoon of the same day, Dallas Police Officer Willie Cunningham was on patrol. Cunningham had received information to look for a blue Chevrolet pickup truck that had been involved in a robbery earlier that day. Officer Cunningham testified that he saw a blue Chevrolet pickup truck pass in front of him down an adjacent street, and he followed the pickup into an alley behind an apartment complex. Appellant was the driver of the pickup. Appellant was unable to tell Cunningham if he knew the owner. Cunningham confirmed that the pickup was stolen and arrested the appellant.

Appellant testified in his own behalf and denied that he had stolen Richard Flatt's truck from the 7–Eleven. Appellant testified that a man driving the blue pickup in which he was arrested had hired him to move some boxes. Appellant said he helped the man move the boxes and then agreed to go to a store with the man. On the way to the store, the man said he needed to make one stop to take care of

some business. The man then drove the pickup to an apartment complex where he stopped and went inside. Appellant stated that he was left alone, sitting in the passenger seat of the pickup. He further testified that he was driving the pickup only *because he wanted to keep it from blocking* traffic behind the apartment and that he moved it only three or four car lengths to a nearby parking lot. He further testified that he thought the man who went into the apartment owned the truck.

■ In reviewing the sufficiency of evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Beardsley v. State,* 738 S.W.2d 681, 683 (Tex.Crim.App.1987). This standard applies to cases of both direct and circumstantial evidence. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op. on reh'g). However, a conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient. *Beardsley,* 738 S.W.2d at 685. It is not necessary that every fact point directly and independently to the guilt of the accused. The cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Sullivan v. State,* 564 S.W.2d 698, 705 (Tex.Crim.App.1978) (op. on reh'g). Each case must be tested by its own facts. *Flores v. State,* 551 S.W.2d 364, 367 (Tex.Crim.App.1977).

■ A person is guilty of the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. *See* TEX. PENAL CODE ANN. § 31.07(a) (Vernon 1974); *Musgrave v. State,* 608 S.W.2d 184, 189 (Tex.Crim.App.1980) (op. on reh'g). Appellant concedes that the culpable mental state of this offense is directed toward the operation of the vehicle and not at the accused's state of mind concern-

ing the consent of the owner to operate the vehicle. *See Musgrave,* 608 S.W.2d at 191. He argues, however, that if the accused forms a reasonable belief that he has the consent of the owner or of a person authorized to act for the owner to operate a vehicle, then the accused may raise the defense of mistake of fact to the charge of unauthorized use of a vehicle. *See Lynch v. State,* 643 S.W.2d 737, 738 (Tex.Crim. App.1983). Appellant argues that once the defense is raised, the State must disprove it beyond a reasonable doubt. Appellant argues that he clearly raised the issue of mistake of fact and that the State failed to disprove it.

As stated, the elements of the offense under section 31.07 are: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat, or motor-propelled vehicle (4) without the effective consent of the owner. A defense offered by appellant that someone else stole the pickup and that he, not knowing such fact, used the pickup thinking he had the consent of the one authorized to give such consent, does not create an additional element to the offense of which he was convicted. *Musgrave,* 608 S.W.2d at 191; *but see Gardner v. State,* 736 S.W.2d 179, 181–82 (Tex.App.—Dallas 1987, pet. granted).

The trial court, as trier of the facts, is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony. *Williams v. State,* 692 S.W.2d 671, 676 (Tex.Crim.App.1984). Viewing the evidence in the light most favorable to the judgment, we find the cumulative effect of all the incriminating circumstances sufficient for the trial court, as the trier of fact in this case, to conclude that the accused was guilty beyond a reasonable doubt. *Beardsley,* 738 S.W.2d at 685. We overrule appellant's first point of error.

■ In his second point of error, appellant contends that the conviction alleged in the first enhancement paragraph in his indictment is void. This prior conviction was likewise for unauthorized use of a motor vehicle. Appellant's argument is that the indictment in this prior conviction described

the motor vehicle as a pickup truck, and therefore the State was bound to prove the allegation. *See Weaver v. State*, 551 S.W. 2d 419, 420 (Tex.Crim.App.1977). Appellant contends that his judicial confession in that case admitted unauthorized use of an automobile, and therefore there was failure of proof of an essential element of the State's case. He contends that this failure of proof may be collaterally attacked and relies on *Laflore v. State*, 595 S.W.2d 862 (Tex.Crim.App.1980), *overruled*, 747 S.W. 2d 789, 793 (Tex.Crim.App.1988). Appellant's conclusion is that because there is no evidence to support this enhancement paragraph conviction, it is void, and it therefore may not be used to enhance punishment. *See Ex parte Elizalde*, 594 S.W.2d 105, 106 (Tex.Crim.App.1980).

A close reading of *Laflore* reveals that its import is not as far reaching as appellant would lead us to believe. First, the general rule is that sufficiency of the evidence may not be collaterally attacked, which is contrary to appellant's position before this Court. *See Wolfe v. State*, 560 S.W.2d 686, 688 (Tex.Crim.App.1978). However, in *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Crim.App.1976), an exception was created to the rule prohibiting collateral attacks on the sufficiency of evidence. In *Moffett*, the Court of Criminal Appeals permitted a collateral attack where there was *no evidence*. The court held in *Moffett* that since there was no evidence, not merely insufficient evidence, a violation of due process had been shown which justified collateral attack by habeas corpus. *Moffett*, 542 S.W.2d at 186; *see also Ex parte Murchison*, 560 S.W.2d 654 (Tex.Crim.App. 1978).

In *Wolfe*, as in this case, the appellant asserted that there was no evidence to support his conviction or the offense charged. In *Wolfe*, as here, the judicial confession was at variance with the indictment. In *Wolfe*, the record before the court did not contain a transcription of the court reporter's notes from the trial on Wolfe's plea of guilty to the offense. The Court of Criminal Appeals held in *Wolfe* that without that transcription, they were unable to ascertain whether other evidence was introduced to support Wolfe's conviction. They held that Wolfe's contention did not fall within the *Moffett* exception but was merely an impermissible attempt to collaterally attack the sufficiency of the evidence. *Wolfe*, 560 S.W.2d at 688.

In *Laflore*, the record reflected that Laflore was indicted for theft of services, but she judicially confessed to theft of property. In *Laflore*, it was not shown that she had read the indictment, and she did not take the stand and affirm that the indictment was true and correct, nor did she confirm that she was pleading guilty to such indictment. In *Laflore*, it was held that the *Moffett* exception controlled. *Laflore*, 595 S.W.2d at 864.

This case is controlled by the general rule in *Wolfe* and not the exception in *Moffett*. The record does not contain any transcription of the court reporter's notes from the trial on appellant's guilty plea that led to the unauthorized use of motor vehicle conviction used in the first enhancement paragraph. *Wolfe*, 560 S.W.2d at 688. We overrule appellant's second point of error.

■ Appellant's third point of error is another attack on the validity of the conviction alleged in the first enhancement paragraph. Appellant contends that the conviction is void because there is no information on file to support the conviction. Appellant argues that although there is an information in the court's file, the lack of a file mark on the information voids the conviction. It is true that the information must be filed in a felony case to confer jurisdiction on the court. *See Diez v. State*, 157 Tex.Crim. 275, 248 S.W.2d 486 (1952). However, appellant recognizes that it is the duty of the clerk to file informations. *See* TEX.CODE CRIM.PROC.ANN. art. 2.21(a) (Vernon Supp.1989). In civil cases, an instrument is generally deemed filed when it is left with the clerk regardless of whether a file mark is placed on the instrument. *See Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex.1979). We see no reason why the same rule should not apply in criminal cases, and we hold that it does. *See* TEX.CODE CRIM.PROC.ANN. art.

12.07 (Vernon 1977); *Queen v. State* 701 S.W.2d 314, 316 (Tex.App.—Austin 1985, pet. ref'd.); *see also Phariss v. State,* 144 Tex.Crim. 234, 161 S.W.2d 1066 (1942). Appellant argues that because there is no file mark on the information, a question is raised as to whether it was filed before or after the conviction, and the State is required to put on proof to show when it was left with the clerk. He contends that the State failed to meet this burden, and therefore the conviction is void. We disagree.

■ Included in the record is the trial court's file on the conviction alleged in the first enhancement paragraph. The trial court's docket reflects that the clerk of the court entered on the docket the date of July 31, 1987, as the date of filing of the affidavit and information charging the offense of unauthorized use of a vehicle. In addition to this document, the record contains the complaint, which is dated July 31, 1987, and appellant's waiver of indictment which he signed consenting to prosecution by information and acknowledging that he stands accused by information. This instrument bears a filing date of July 31, 1987. Also included were the findings, conclusions, and recommendations of the magistrate reflecting that appellant pleaded guilty to the unauthorized use of a vehicle, a third degree felony, as charged in the affidavit and information. This document is dated July 31, 1987. Finally, the judgment which is likewise dated July 31, 1987, reflects that the charging instrument consisting of an information was part of the papers in the cause. We hold that the evidence supports the conclusion that the information was "filed" before the conviction was obtained and that the lack of a file mark on the information itself does not void the conviction. We overrule appellant's third point.

The trial court's judgment is affirmed.