Christopher Nicks v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-265-CR

     CHRISTOPHER NICKS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 26,551-85
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Christopher Nicks appeals the revocation of his community supervision for delivery of one
gram or more but less than four grams of cocaine. Nicks claims in two points that the trial court
erred by: (1) revoking his community supervision when the State filed an amended revocation
motion only one day before the hearing; and (2) refusing to grant a motion for continuance for
substitution of counsel. We will overrule both points and affirm the judgment.
BACKGROUND
      The State filed a motion to revoke Nicks’s community supervision on September 18, 2000. 
The motion alleged eight grounds for revocation. The state faxed an amended revocation motion
to Nicks’s attorney on June 20, 2001. The amended motion contained one additional ground for
revocation and modified two of the existing grounds of revocation. The district clerk file-stamped
the amended motion on July 5th.
      Nicks retained new counsel on July 5th. The trial court conducted the revocation hearing the
next day. Nicks’s counsel made an oral continuance motion to allow for the substitution of
counsel, which the court denied.
      The court found the allegations true and revoked Nicks’s community supervision. The court
imposed the original sentence of ten years’ imprisonment.
PERTINENT AUTHORITIES
      A defendant in a revocation hearing is allowed minimum due process protections, which
include written notice of the allegations and the right to counsel. See Gagnon v Scarpelli, 411
U.S. 778, 786, 93 S.Ct. 1756, 1761–62, 36 L.Ed.2d 656 (1973); Ruedas v. State, 586 S.W.2d
520, 523 (Tex. Crim. App. 1979). Proceedings to revoke community supervision are not a
criminal trial in the constitutional sense. See Campbell v. State, 456 S.W.2d 918, 921 (Tex.
Crim. App. 1970). They are administrative in nature, a means of protecting society and
rehabilitating law breakers. See Hill v. State, 480 S.W.2d 200, 203 (Tex. Crim. App. 1972).
      We review an order revoking community supervision under an abuse of discretion standard. 
See Lloyd v. State, 574 S.W.2d 159, 160 (Tex. Crim. App. 1978); Morgan v. State, 695 S.W.2d
334, 336 (Tex. App.—Waco 1985, no pet.).
AMENDED REVOCATION MOTION
      Nicks’s first point states that the trial court erred by revoking his community supervision 
when the State filed the amended revocation motion only one day before the hearing. Article
42.12, section 21 (b) of the Code of Criminal Procedure states in pertinent part, “The state may
amend the motion to revoke community supervision any time up to seven days before the date of
the revocation hearing, after which time the motion may not be amended except for good cause
shown, and in no event may the state amend the motion after the commencement of taking
evidence at the hearing.” Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp.
2002). Notice is not fundamentally defective if the appellant receives fair notice such that he can
adequately prepare his defense. O’Hara v. State, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981);
Ablon v. State, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976).
      The State contends that the amended motion was filed on June 20th and was therefore timely. 
A paper is “filed” when the attorney leaves it in the custody of the clerk, regardless of the file-stamp date. See Tex. Code Crim. Proc. Ann. art. 2.21(a)(1) (Vernon Supp. 2002); Phariss v.
State, 144 Tex. Crim. 234, 236, 161 S.W.2d 1066, 1066 (1942); Perkins v. State, 7 S.W.3d 683,
686 (Tex. App.—Texarkana 1999, pet. ref’d); Williams v. State, 767 S.W.2d 868, 871 (Tex.
App.—Dallas 1989, pet. ref’d) (applies civil proof of filing rules to criminal cases). Proof of
when the attorney has left the document in the custody of the clerk may be in the form of affidavit,
fax confirmation, or postmark. See Coastal Banc SSB v. Helle, 988 S.W.2d 214, 216 (Tex. 1999
) (party introduced an affidavit establishing when the document was left in custody of the clerk);
Williams, 767 S.W.2d at 871; Texas Beef Cattle Co. v. Green, 862 S.W.2d 812, 813 (Tex.
App.—Beaumont 1983, order) (party introduced a copy of the envelope with postmark affixed),
disp. on merits, 883 S.W.2d 415, rev’d on other grounds, 921 S.W.2d 203 (Tex. 1996). Here,
the State presented no evidence to establish when it delivered the amended motion to the district
clerk for filing.    In the absence of such evidence, we presume the amended motion was filed on
the date indicated by the clerk’s file-stamp. See Webley Inv. Co. v. Herrera, 11 S.W.3d 924, 928
(Tex. 1999); Williams, 767 S.W.2d at 871. Because the amended motion was untimely and the
State made no showing of good cause for the late filing, the court erred by proceeding on the
amended motion.
      We now determine whether Nicks was harmed by the error. When a non-constitutional error
does not affect “substantial rights,” we must conclude that the error is harmless. See Tex. R.
App. P. 44.2. Nicks’s counsel acknowledged that he received a copy of the amended motion on
June 20th. Thus he had ample time to prepare a defense. Accordingly, we hold that the court’s
error in proceeding on the amended revocation motion did not affect Nicks’s substantive rights. 
See Banks v. State, 491 S.W.2d 417, 418 (Tex. Crim. App. 1973).
CONTINUANCE MOTION
      
 
                                                                         REX D. DAVIS
                                                                         Chief Justice
 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 9, 2002
Do not publish
[CR25]