**Affirmed and Majority and Concurring Opinions filed April 2, 2013.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-12-00540-CR

---

## EX PARTE ROBYN M. REED

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1164028-A**

---

## C O N C U R R I N G   O P I N I O N

The applicant's complaint that there is no evidence supporting the trial court's judgment convicting her of theft is cognizable on application for habeas-corpus relief, and this court should address the merits of this complaint rather than conclude that the complaint is not cognizable.

### *History of the Cognizability of No-Evidence Complaints on Habeas Corpus*

To understand why the applicant's complaint is cognizable, it is helpful to review the historical underpinnings of the binding precedent that compels this

conclusion. Long before the Supreme Court of the United States decided *Jackson v. Virginia*, the Court of Criminal Appeals of Texas held that an applicant's complaint that his conviction violated federal due process—because of insufficiency of the evidence supporting the conviction—was not cognizable on application for habeas-corpus relief. *See Ex parte Banspach*, 91 S.W.2d 365, 365 (Tex. Crim. App. 1936). *See also Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

In 1960, in *Thompson v. City of Louisville*, the Supreme Court held that a conviction violated due process because the record showed a complete lack of evidence to support the conviction. *See* 362 U.S. 199, 199–205, 80 S.Ct. 624, 625–29, 4 L.Ed.2d 654 (1960). In light of this holding, the Court of Criminal Appeals concluded that a complaint that there is no evidence, as opposed to insufficient evidence, to support the conviction is cognizable on habeas corpus. *See Laflore v. State*, 595 S.W.2d 862, 864 (Tex. Crim. App. 1980), *overruled in part on other grounds by Ex parte Martin*, 747 S.W.2d 789, 793 (Tex. Crim. App. 1988); *Ex parte Moffett*, 542 S.W.2d 184, 185 (Tex. Crim. App. 1976). The Texas high court stated that such complaints are cognizable on habeas corpus because there is a violation of federal due process. *See Laflore*, 595 S.W.2d at 864; *Ex parte Moffett*, 542 S.W.2d at 185.

In 1979, in *Jackson v. Virginia*, the Supreme Court held a person convicted in state court is entitled to a judgment of acquittal under the due process protections of the United States Constitution if, after viewing all the evidence in the light most favorable to the prosecution, no reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See* 443 U.S. at 318–19, 99 S.Ct. at 2788–89. The *Jackson* court concluded that the no-evidence legal standard articulated in *Thompson v. City of Louisville* was "simply inadequate

2

to protect against misapplications of the constitutional standard of reasonable doubt" because "'[a] mere modicum of evidence may satisfy a 'no evidence' standard.'" *Jackson*, 443 U.S. at 320, 99 S.Ct. at 2789 (quoting *Jacobellis v. Ohio*, 378 U.S. 184, 202, 84 S.Ct. 1676, 1686, 12 L.Ed.2d 793 (Warren, C.J., dissenting)). The *Jackson* court noted that "[a]ny evidence that is relevant—that has any tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence" might be deemed a "mere modicum" of evidence. *See id.* The Supreme Court concluded that "it could not seriously be argued that such a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt." *Id.*

Because the Court of Criminal Appeals had based the cognizability of a no-evidence complaint on the violation of federal due process, an issue arose after *Jackson v. Virginia* as to whether an insufficiency complaint under *Jackson* also would be cognizable on habeas corpus. *See Laflore*, 595 S.W.2d at 864; *Ex parte Moffett*, 542 S.W.2d at 185. The answer is that even after *Jackson v. Virginia*, the Court of Criminal Appeals has continued to conclude that no-evidence complaints are cognizable on habeas corpus but that insufficiency complaints are not. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus, without addressing no-evidence complaints or any change in the rationale for the cognizability analysis after *Jackson v. Virginia*); *Ex parte Christian*, 760 S.W.2d 659, 660–61 (Tex. Crim. App. 1988) (holding that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus but that no-evidence complaints are cognizable and concluding that no-evidence complaint lacked merit); *Ex parte Brown*, 757 S.W.2d 367, 368–69 (Tex. Crim. App. 1988) (same as *Ex parte Christian*). *See also Ex parte Perales*, 215 S.W.3d 418, 419–20

3

(Tex. Crim. App. 2007) (stating in dicta that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus but that no-evidence complaints are cognizable). The rationale for this conclusion is the Texas high court's determination that a judgment supported by no evidence is a void judgment that can be attacked collaterally at any time but that a judgment supported by insufficient evidence is not a void judgment subject to collateral attack. *See Nix v. State*, 65 S.W.3d 664, 667–68 & n.14 (Tex. Crim. App. 2001); *Ex parte Cantrell*, 112 S.W.3d 753, 754–56 (Tex. App.—Beaumont 2003, pet. ref'd). The Court of Criminal Appeals has noted that cases in which the judgment is a nullity because no evidence supports the conviction are "very rare situations." *Nix*, 65 S.W.3d at 668 & n.14.

Thus, under current habeas-corpus law, an important distinction is made between a complaint that no evidence supports the judgment and a complaint that insufficient evidence supports the judgment. *See Nix*, 65 S.W.3d at 667–68 & n.14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Ex parte Cantrell*, 112 S.W.3d at 754–56. A no-evidence complaint may be asserted under the legal standard from *Thompson v. City of Louisville*, which, since 1979, has not been used as a legal standard for determining federal due process violations. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89. If no evidence supports the judgment, the judgment is void, a nullity, and subject to collateral attack at any time. *See Nix*, 65 S.W.3d at 667–68 & n.14. For this reason, no-evidence complaints are cognizable on application for habeas-corpus relief. *See Nix*, 65 S.W.3d at 667–68 & n.14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Ex parte Cantrell*, 112 S.W.3d at 754–56. Complaints that the evidence is insufficient to support the judgment may be asserted under the legal standard from *Jackson v. Virginia*. *See Jackson,* 443 U.S.

4

at 318–19, 99 S.Ct. at 2788–89. Insufficiency complaints may be asserted on direct appeal but are not cognizable on application for habeas-corpus relief because insufficiency of the evidence does not make the judgment void. *See Nix*, 65 S.W.3d at 667–68 & n.14; *Ex parte Cantrell*, 112 S.W.3d at 754–56. Significantly, cases in which no evidence supports the judgment are a complete subset of the cases in which the evidence is insufficient to support the judgment. *See Jackson*, 443 U.S. at 318–20, 99 S.Ct. at 2788–89. In all cases in which there is no evidence to support the judgment, the evidence is also insufficient to support the judgment, but in some cases the evidence may be insufficient to support the judgment even though the no-evidence standard is not satisfied. *See id*. Thus, if an appellant or an applicant for habeas-corpus relief shows that no evidence supports the judgment, by definition, the evidence is also legally insufficient to support the judgment, regardless of whether the applicant asserted insufficiency. *See id*.

### *The Applicant's No-Evidence Complaint: Cognizable on Habeas Corpus*

Both the form and the substance of applicant Robyn M. Reed's complaint is a no-evidence rather than an insufficiency-of-the-evidence complaint. The applicant cites precedent regarding the cognizability of no-evidence complaints on application for habeas-corpus relief, and the applicant proffers argument in support of the proposition that no evidence supports the judgment. The applicant does not assert that the evidence is insufficient, nor does she rely upon the legal standard from *Jackson v. Virginia*. She complains that no evidence supports the judgment. Thus, the applicant's complaint is cognizable on application for habeas-corpus relief, and the trial court's and the majority's conclusions to the contrary are incorrect. *See Nix*, 65 S.W.3d at 667–68 & n.14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Laflore*, 595 S.W.2d at 864; *Ex parte Moffett*, 542 S.W.2d at 185; *Ex parte Cantrell*, 112 S.W.3d at 754–56.

The majority concludes that the applicant's complaint is not cognizable on application for habeas-corpus relief because, on direct appeal, the applicant asserted the same or similar arguments in support of her appellate complaint that the evidence supporting her conviction was insufficient under the legal standard from *Jackson v. Virginia*. But, an argument that there is no evidence also will support an argument that there is insufficient evidence, and the Court of Criminal Appeals has stated that a judgment supported by no evidence is accorded no respect, is a nullity, and is subject to collateral attack at any time. *See Nix*, 65 S.W.3d at 667–68. The majority relies upon *Ex parte Cantrell*, a case in which the court held that the substance of an applicant's argument was an insufficiency-of-the-evidence complaint rather than an actual-innocence complaint. *See Ex parte Cantrell*, 112 S.W.3d at 754–56. The *Ex parte Cantrell* court held that the applicant's argument was not cognizable because it was an insufficiency-of-the-evidence complaint. *See id.* Unlike the complaint in today's case, the applicant's complaint in *Ex parte Cantrell* was not a no-evidence complaint, either in form or substance. *See id.* The *Ex parte Cantrell* court indicated that, had the applicant in that case asserted a no-evidence complaint, that complaint would have been cognizable. *See id.* at 754. The *Ex parte Cantrell* case does not support the majority's conclusion that the applicant's no-evidence complaint is not cognizable. Because the applicant's no-evidence complaint is cognizable on application for habeas-corpus relief, this court should address the merits of this complaint.

### *Conclusion*

A complaint that no evidence supports a judgment of criminal conviction is cognizable on application for habeas-corpus relief, even though it may be very rare for such a complaint to have merit. Both the form and the substance of the applicant's complaint in today's case is a no-evidence rather than an insufficiency-

6

of-the-evidence complaint.  Thus, under binding precedent from the Court of Criminal Appeals, the proper course is for this court to address the merits of this complaint.  A merits review, however, would not result in a different judgment as today's case in not one of the "very rare situations" in which the judgment can be declared a nullity because no evidence supports the conviction. Because the record does not show a complete lack of evidence supporting the conviction, the applicant's no-evidence complaint lacks merit.  Accordingly, though I respectfully decline to join the majority opinion, I concur in the court's judgment.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison (Christopher, J., majority)

Publish — TEX. R. APP. P. 47.2(b).

7