# NO. 12-24-00155-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERICA MONA THURMON,* *APPELLANT* | § | *APPEAL FROM THE 85TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *BRAZOS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terica Mona Thurmon appeals the revocation of her community supervision. In two issues, Appellant challenges the trial court's jurisdiction to revoke her community supervision and contends the trial court abused its discretion by finding that the allegations in the State's motion to revoke were "true." We affirm.[1]

## BACKGROUND

Appellant was indicted for abandoning or endangering a child. Appellant pleaded "guilty" pursuant to a plea bargain agreement. On July 18, 2019, the trial court sentenced Appellant to two years of imprisonment in a state jail facility but suspended imposition of sentence and placed her on community supervision for three years. After the State filed a motion to revoke, the trial judge signed an order on October 27, 2020, which extended Appellant's community supervision for eighteen months, effective July 17, 2022. In its order extending Appellant's supervision, the trial court stated that "[a]ll other terms and conditions of the original order of community supervision shall remain in full force and effect as heretofore ordered[.]"

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001(a) (West Supp. 2023).

The State subsequently filed another motion to revoke, which was dated April 20, 2022, but was not file marked by the District Clerk until May 29, 2024. The record reflects that on April 20, 2022, the trial judge signed an order directing the clerk to issue a capias for Appellant's arrest. In its order, the trial court noted that it duly considered "the above motion of the State of Texas[.]"[2] In its motion to revoke, the State alleged that Appellant (1) failed to report to her supervision officer in May, August, and November 2021, as required by condition four; (2) failed to work faithfully at suitable employment, as required by condition six; (3) failed to perform community service as directed, as required by condition ten; (4) failed to submit to testing for alcohol and/or controlled substances as directed, as required by condition eleven; (5) used marijuana that was not prescribed by a licensed physician for a legitimate medical purpose, in violation of condition fourteen; (6) failed to submit to an anger management evaluation as directed, as required by condition fifteen; (7) failed to notify her supervision officer of contact with law enforcement within forty-eight hours, as required by condition eighteen; (8) failed to pay her monthly supervision fee as directed, as required by condition twenty-four; and (9) failed to successfully complete a parenting skills education program within 180 days of the community supervision order, as required by condition sixty-five.

Appellant pleaded "not true" to each of the alleged violations of the terms of her community supervision. After conducting an evidentiary hearing on the motion to revoke, the trial court found the allegations that Appellant violated conditions four, ten, eleven, fourteen, fifteen, and sixty-five were "true," found the remaining alleged violations "not true," revoked Appellant's community supervision, and sentenced her to fifteen months of imprisonment in a state jail facility. This appeal followed.

## JURISDICTION TO REVOKE COMMUNITY SUPERVISION

In issue one, Appellant argues that the trial court lacked jurisdiction to revoke her community supervision because the State's motion to revoke was "received and filed on May 29, 2024, after the probationary period expired."

---

[2] The trial court's order directing the clerk to issue a capias appears immediately after the motion to revoke in the clerk's record. The font and type size of the motion to revoke and the order appear to be identical.

**Applicable Law**

A court retains jurisdiction to hold a hearing on an alleged violation of the conditions of supervision and to "revoke, continue, or modify community supervision, regardless of whether the period of supervision imposed on the defendant has expired, if before the expiration of the supervision period[,]" (1) the State files a motion to revoke and (2) a capias is issued for the defendant's arrest. TEX. CODE CRIM. PROC. ANN. art. 42A.751(l) (West Supp. 2023). An instrument is deemed filed when it is left with the clerk, regardless of whether the clerk places a file mark on the instrument. *State v. Wachtendorf*, 475 S.W.3d 895, 901 n.8 (Tex. Crim. App. 2015) (citing *In re Smith,* 270 S.W.3d 783, 786 (Tex. App.—Waco 2008, orig. proceeding); *Perkins v. State,* 7 S.W.3d 683, 686 (Tex. App.—Texarkana 1999, pet. ref'd); *Williams v. State,* 767 S.W.2d 868, 871 (Tex. App.—Dallas 1989, pet. ref'd)). Therefore, a district clerk's file mark is not always definitive evidence of when a document was filed. *Id.* at 900.

**Analysis**

If the State filed its motion to revoke and the trial court issued a capias before Appellant's supervision period ended, the trial court retained jurisdiction to hold a hearing on Appellant's alleged violations of the conditions of her community supervision and to revoke her community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(l). Therefore, we must determine whether the record indicates that the State filed its motion to revoke before Appellant's supervision period ended. *See id*. As mentioned above, although the State's motion to revoke was dated April 20, 2022, the District Clerk did not mark it as filed until May 29, 2024. The trial court signed its order directing the clerk to issue a capias for Appellant's arrest on April 20, 2022, the same date indicated by the State on is motion to revoke.

At the hearing on the State's motion to revoke, the prosecutor asserted that although the term of Appellant's community supervision expired, the trial court possessed jurisdiction to revoke because the State filed the motion to revoke before the community supervision term expired. When announcing Appellant's plea to the motion to revoke, defense counsel stated, "We are pleading not true to the motion to revoke that was filed on April 20, 2022." Moreover, despite the file stamped date of May 29, 2024, the index to the clerk's record lists the motion to revoke as filed on April 20, 2022.

The clerk's file mark of May 29, 2024, is not definitive evidence of when the motion to revoke was filed. *See Wachtendorf*, 475 S.W.3d at 900. As previously discussed, the trial court

3

ordered the clerk to issue a capias on the same day that the State dated its motion to revoke. We conclude that the record demonstrates that the State's motion to revoke was delivered to the clerk on April 20, 2022, and it was deemed filed on that date. *See id*. at 901 n.8; *In re Smith,* 270 S.W.3d at 686; *Perkins*, 7 S.W.3d at 686; *Williams*, 767 S.W.2d at 871. We further conclude that the trial court therefore retained jurisdiction to conduct a hearing on the State's motion to revoke and to revoke Appellant's community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(l). Accordingly, we overrule issue one.

## REVOCATION OF COMMUNITY SUPERVISION

In issue two, Appellant contends the trial court abused its discretion by finding that the allegations in the State's motion to revoke her community supervision were "true" because the trial court's findings are not supported by sufficient evidence.

## Standard of Review and Applicable Law

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). At a revocation hearing, the State has the burden to establish the alleged violations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a defendant violated a condition of community supervision. *Rickels*, 202 S.W.3d at 764. Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). At a revocation hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

## Analysis

The terms and conditions of Appellant's community supervision required her to complete a parenting skills education program within 180 days of the date the trial court signed the community supervision order. In its motion to revoke, the State alleged that Appellant failed to do so. At the hearing on the motion to revoke, Brandy Scott of the Brazos County Community Supervision and Corrections Department testified that she became Appellant's supervision officer

after Appellant was released from an intermediate sanction facility (ISF). Scott testified that an ISF is an alternative to sending defendants to prison, and it provides defendants with "programs and opportunities to complete some of their requirements or some lessons[.]" Scott testified that she explained to Appellant that although Appellant attended a parenting class at ISF, she still needed to attend the specific parenting skills program required by the conditions of her community supervision. According to Scott, Appellant never completed the required parenting skills program. Appellant testified that she attended a parenting class at ISF, and she believed that program would satisfy the conditions of her community supervision.

As sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony, the trial court could choose to believe Scott and to disbelieve Appellant. *See Taylor*, 604 S.W.2d at 179; *Moore*, 11 S.W.3d at 498. We conclude that the record supports a reasonable belief that Appellant violated the conditions of her community supervision by failing to complete the required parenting skills program. *See Rickels*, 202 S.W.3d at 764. Because proof by a preponderance of said single violation is sufficient to support revocation, we need not address Appellant's challenge to the sufficiency of the evidence supporting the trial court's finding of "true" as to the remaining allegations that the court found to be "true." *See* TEX. R. APP. P. 47.1; *Moore*, 605 S.W.2d at 926. We conclude that the trial court did not abuse its discretion by revoking Appellant's community supervision. *See Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.3d at 763. Accordingly, we overrule issue two.

## DISPOSITION

Having overruled issues one and two, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00155-CR**

**TERICA MONA THURMON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 85th District Court

of Brazos County, Texas (Tr.Ct.No. 19-01953-CRF-85)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*