

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00308-CR

Deandre Lamonte **COLEMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 565224
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: July 2, 2025

AFFIRMED

Deandre Lamonte Coleman appeals the trial court's revocation of his probation. In one point of error, Coleman alleges the trial court did not have jurisdiction on the date the probation was originally imposed and therefore the order revoking his probation is null. We affirm.

BACKGROUND

The great majority of the procedural background is undisputed in this case. To start, the State accused Coleman of the offense of assault by causing bodily injury to a member of his family or household in violation of §22.01(a)(1) of the Texas Penal Code. The offense was alleged to have occurred on or about October 19, 2016. The complainant in this case was Keisha Coleman,

and the offense was alleged to have been committed by striking, grabbing, and pushing the complainant with the hand of Coleman. The record is silent as to what transpired during the sixteen-month lapse between the offense date and the date Coleman was booked on the charge and saw a Magistrate Judge in Bexar County.

It is uncontradicted that Coleman saw a Magistrate Judge on February 5, 2018, where the Magistrate set a bond in the amount of $3500 for cause number 565224. The court also appointed an attorney to represent Coleman at no cost.

The State's affiant signed and dated the complaint on March 13, 2018. A Bexar County Assistant Criminal District Attorney signed and **presented** the complaint and information to the court. Coleman's complaint and information were assigned cause number 565224 and were filed in County Court at Law 13 in Bexar County, Texas. There is no dispute that the complaint and information bear a file stamp that reads "FILED IN MY OFFICE GERARD RICKHOFF COUNTY CLERK BEXAR CO.," and dated March 14, 2019.

It is also unchallenged that on March 14, 2018, Coleman appeared before the Honorable Crystal Chandler, where he entered a plea of no contest to the charge of Assault—Bodily Injury Family/Household. Coleman signed and dated his Waiver of Rights, Discovery Acknowledgment, and the Trial Court's Certification of his right of appeal[1]. The trial court accepted his plea of no contest, deferred the finding of guilt, and placed him on Deferred Adjudication for a period of twelve months. The court ordered a $500 fine (probated $100), court costs, $30 to Crime Stoppers,

---

[1] In fact, during the plea hearing, (the record of which was filed with this court on June 11, 2025) the court specifically read the charges against Mr. Coleman which track the information language in its entirety.
"Mr. Coleman, I'm going to read the charge against you and then ask you how you plea to it, and you are going to respond either guilty, not guilty, or no contest. It states that on or about the 19th day of October 2016, Deandre Lamonte Coleman, hereinafter referred to as defendant, did then and there intentionally, knowingly, and recklessly cause bodily injury to another, namely Keisha Coleman, hereinafter referred to as complainant, by striking the complainant with the hand of the defendant, grabbing the complainant with the hand of the defendant, and pushing the complainant with the hand of the defendant. To this charge, how do you plead, Mr. Coleman?"

no possession of firearms, and 40 hours community service. The court also ordered a stress course, an APSE course, and a no contact order with Keisha Coleman.

The court also ordered a $60 supervisory fee and allowed Coleman to obtain and maintain employment in lieu of performing community service hours. The court allowed Coleman to transfer his probation to Tarrant County. The trial court's pronouncement of sentence was reduced to a judgment on the same day.

It is also uncontradicted that on March 14, 2018, Coleman signed and dated his conditions of probation. The trial court sent a directive to the Bexar County Sheriff's Office to release Coleman outright to begin his probation. Thereafter on November 8, 2018, the State signed a Motion to Enter Adjudication of Guilt and Revoke Community Supervision ("MTEAG"). The State alleged Coleman violated conditions 2, 10, 14, and 16. The trial court signed the Order for Coleman's arrest on November 8, 2018, and made a notation to "double bail."

Over five years later, Coleman was arrested on the MTEAG warrant and magistrated on February 6, 2024. On February 27. 2024, Coleman and his new attorney of record, Mr. Cornelius Cox, dated and signed the Defendant's Consent to Plea by Videoconference. The document was filed in the papers of the County Clerk on March 12, 2024, the same day as his MTEAG hearing. On March 12, 2024, at the conclusion of the MTEAG hearing, a different Judge, the Honorable Rosie Speedlin Gonzalez, found the violations alleged against Coleman to be true and entered a judgment finding him guilty, revoking his community supervision, and sentencing Coleman to 365 days in the Bexar County Jail.

DISCUSSION

We consider Coleman's point of error whereby he argues that the complaint and information bearing a file stamp of March 14, 2019, divested the court of jurisdiction to accept his plea and subsequently to revoke his community supervision. We disagree.

Coleman argues for the first time on appeal that the complaint and information bear a file stamp showing it was accepted by the Bexar County Clerk nearly a year after he entered his plea. While true, it is not dispositive to this case.

An "information" is a written statement filed and presented on behalf of the State by the district or county attorney, charging a defendant with an offense that may be prosecuted under law. TEX. CODE CRIM. PROC. art. 21.20. The Texas Code of Criminal Procedure provides that "no information shall be presented unless an affidavit has been made by a credible person charging the defendant with an offense." *Id*. art. 21.22. This affidavit must be filed alongside the information and may be sworn either before the district or county attorney—who is authorized to administer the oath for this purpose—or before any officer legally empowered to administer oaths. If the affidavit is made before a magistrate or district/county attorney and it charges the commission of an offense, it is referred to as a "complaint." *Id*. art. 15.

The Texas Constitution establishes that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12. An information is considered presented when it has been filed by the proper officer in the appropriate court. TEX. CODE CRIM. PROC. art. 12.07. It has been the longstanding rule that the ***presentment*** of an information may be accomplished when the prosecuting attorney ***delivers*** the information to the clerk's office.[2] *Phariss v. State,* 161 S.W.2d 1066 (Tex. 1942); 22 TEX. JUR. 3d *Criminal Law* § 23.40 (1982).

We have reviewed the record before us and have determined that the trial court was vested with jurisdiction over Coleman's case when the complaint and information were presented to the court, which in this case occurred on March 13, 2018.

---

[2] The Texas Code of Criminal Procedure clearly defines the clerk, and not the State Attorney, responsibility to "receive and file" all the documents in a criminal proceeding. TEX. CODE CRIM. PROC. art. 2.21.

The complaint made against Coleman was sworn to before an Assistant District Attorney of Bexar County on March 13, 2018. The Assistant District Attorney signed the complaint and prepared a duly executed information which was presented in a court having jurisdiction of the cause. TEX. CONST. art. V, § 12. The case was assigned a cause number and was assigned to County Court at Law Number 13. The Judge read the exact language contained in the information to Coleman. The trial court proceeded with accepting the plea. Everything in the record indicates the information was presented to the trial court.

Under Article 2.21(a)(1) of the Texas Code of Criminal Procedure, the responsibility to receive and file all documents in a criminal proceeding lies squarely with the clerk of the district or county court—not the prosecuting attorney. Accordingly, any delay or irregularity in filing cannot be imputed to the defense or attributed to prosecutorial discretion. This statutory delineation of duties reinforces the clerk's exclusive role in maintaining the integrity and completeness of the record.

Because the presentment of the information vested the trial court with jurisdiction of this misdemeanor case, Coleman's sole point of error is overruled.

Velia J. Meza, Justice

DO NOT PUBLISH